## No. 24147.

HAZEL B. DRAPER *v.* SCHOOL DISTRICT NO. 1, CITY AND COUNTY OF DENVER, AND STATE OF COLORADO; BOARD OF EDUCATION, SCHOOL DISTRICT NO. 1, CITY AND COUNTY OF DENVER, AND STATE OF COLORADO.

(486 P.2d 1048)

Decided June 28, 1971.

JOHN W. LENTZ, for plaintiff in error.

HENRY, COCKRELL, QUINN & CREIGHTON, BENJAMIN L. CRAIG, for defendants in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE PRINGLE.

PLAINTIFF in error, the plaintiff below, will be referred to by name. Defendant in error will be referred to as the District.

Hazel Draper was employed by the District as an elementary school principal. She had been with the District for several years, and was entitled to tenure as a teacher under the Teacher Tenure Act, C.R.S. 1963, 123-18. In June of 1964, the District advised Miss Draper that her services were no longer satisfactory as a principal, and that she would be transferred to a job as a coordinator. Miss Draper answered that such a transfer was satisfactory, provided she continued to receive the salary commensurate with the position of principal. The District refused to agree to this, and instead transferred Miss Draper to the position of teacher at the salary she would have been making as a teacher had she not occupied the position as principal.

Miss Draper brought an action in the district court seeking to compel the District to reinstate her at a principal's level with commensurate pay. She also asked for compensatory and punitive damages. After receiving answers to written interrogatories served on the District, Miss Draper sought to join additional defendants, and file an amended complaint. The district court refused to allow such a procedure. Both parties filed motions for summary judgment, and the trial court found in favor of the school district.

Miss Draper raises two allegations of error which require discussion: (1) That the trial court was in error

in refusing to allow the joinder of additional parties, and (2) that the trial court was in error in approving her transfer and salary reduction. We find no error and affirm.

## I.

Miss Draper argues that the answers by the District to her written interrogatories made her aware, for the first time, that the Denver Classroom Teacher's Association (DCTA) played a large role in her dismissal as a principal. As a result, she sought to join the DCTA as a party. The true thrust of her argument is that the DCTA was an indispensable party under R.C.P. Colo. 19, and that her action against the District would be *res judicata* as against the DCTA. This is not the case. By Miss Draper's own admission, her case against the District involves only questions of law regarding an interpretation of the Teacher Tenure Act. Her case against DCTA involves factual questions relating to their part in her demotion. The grounds upon which liability is based are mutually exclusive. *See Westminster v. Church,* 167 Colo. 1, 445 P.2d 52 (1968). Her request for a joinder was, therefore, pursuant to R.C.P. Colo. 20(a) which deals with permissive parties, and as such was addressed to the sound discretion of the trial court. We cannot say Miss Draper has demonstrated an abuse of that discretion in this case.

## II.

Miss Draper next argues that the District has no authority to transfer her from a principal to a classroom teacher without a fact finding hearing upon notice. We disagree. C.R.S. 1963, 123-18-5, now repealed, was the effective statutory provision at the time. It reads:

*"Transfers — discrimination. —* A teacher on continuous tenure, upon the recommendation of the superintendent, may be transferred from one school, position, or grade to another within the same district, provided such transfer does not result in the assignment of a teacher to a

position which he is not qualified to fill by virtue of training and certification, and provided that such transfer shall not change the position to which such teacher is entitled on the regular teacher salary schedule of the employing district; except that a teacher *who has been occupying a position of an executive or administrative nature, may if deemed unsatisfactory in such position* be returned to regular classroom teaching at the regular salary figure to which he would have been entitled had he not occupied such administrative or executive position. There shall be no discrimination shown toward any teacher in the assignment or transfer of that teacher to a school, position, or grade because of race, creed or color." (Emphasis added).

We point out at the outset that there is no allegation that the transfer was the result of discrimination of race, creed or color. The power of school boards to control the hiring and firing and transfers of teachers in their districts is limited only by the express terms of the statutes with respect to these aspects of the operation of the district. Teachers who acquire tenure are guaranteed by law that they cannot be dismissed from their positions as *teachers* except for certain reasons and in accordance with a statutory provision for notice and hearings. *See, e.g.,* C.R.S. 1963, 123-18-7. The Teacher Tenure Act, however, does not give anyone holding an administrative position tenure in such a position.

C.R.S. 1963, 123-18-5, quoted above, in fact provided no provision for notice and hearing where a teacher was returned from an administrative position to a teaching position. It provided that such a transfer may take place if the teacher was unsatisfactory in such position and if the teacher is to receive the same salary to which he would have been entitled had he not occupied the administrative position. In our view, the legislative intent clearly was to make a return from administration to teaching a matter of subjective determination of the board as to whether the teacher in

question was performing satisfactorily in the administrative job.

Under this disposition of the cause, we need not discuss Miss Draper's remaining arguments. Suffice it to say we find no error regarding them.

The judgment is affirmed.

Mr. Justice Kelley, Mr. Justice Groves and Mr. Justice Lee concur.