**Lt. Robert C. BALLARD, U.S.N.,**
**Plaintiff,**

**v.**

**Melvin LAIRD, Secretary of Defense**
**et al., Defendants.**

**Civ. No. 72–218–S.**

United States District Court,
S. D. California.

Oct. 25, 1972.

Charles R. Khoury, Jr., La Jolla, Cal.,
for plaintiff.

Frederick B. Holoboff, Asst. U. S.
Atty., S. D. Cal., San Diego, Cal., for de-
fendants.

Before CARTER, Circuit Judge, and EAST and SCHWARTZ, District Judges*.

## MEMORANDUM

EAST, Senior District Judge:

This three-judge District Court heard counsel for the parties on September 12, 1972, upon the Defendants' Motion to Dissolve Three-Judge District Court and the Plaintiff's Motion for a Permanent Injunction and Declaration of Unconstitutionality.

We ordered the Temporary Restraining Order entered herein on June 20, 1972, ordering "that pending a final decision . . ., plaintiff will not be discharged from the Armed Services of the United States," be continued and took the cause as submitted.

## DEFENDANTS' MOTION

■ On July 24, 1972, Chief Judge Edward J. Schwartz certified to Chief Judge Richard H. Chambers, of the Court of Appeals for the Ninth Circuit, that the complaint herein raised issues under the Equal Protection Clause and Fifth Amendment of the United States Constitution and sought injunctive relief and, further, "that in [his] opinion, the challenge addressed to the act of Congress (Title 10 U.S.C. Sec. 6382) requires the formation of a District Court of three judges composed as required in (Title 28 U.S.C. Sec. 2284)." We subscribe to the certificate of Chief Judge Schwartz, and also take cognizance that acts of Congress and regulations thereunder providing for demotion in grade or dismissal from service for cause, i. e., incompetency, disobedience, etc., as all other measures for the forfeiture of entitlements, must provide for a reasonable measure of due process notice and

hearing. Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 and Bell v. Burson, 402 U.S. 535, 539, 91 S. Ct. 1586, 29 L.Ed.2d 90.

Therefore, we conclude that the challenged Section 6382 is subject to judicial scrutiny for Equal Protection and Due Process Clauses defects and deficiencies. Korematsu v. United States, 323 U.S. 214, 216, 65 S.Ct. 193, 89 L.Ed. 194 (1944), and Loving v. Virginia, 388 U.S. 1, 11, 87 S.Ct. 1817, 18 L.Ed.2d 1010 (1967).

■ This Court's jurisdiction is noted under Title 28 U.S.C. Secs. 2201 and 2202, (Declaratory Judgment); Sec. 1331 (Equity Jurisdiction); and Secs. 2282 and 2284 (Restraining the Enforcement of Acts of Congress—Three-Judge District Court). Accordingly, the defendants' motion is denied. Frontiero v. Laird, 327 F.Supp. 580 (M.D.Ala., 1971); and Keyishian v. Board of Regents, 345 F.2d 236 (2d Cir., 1965).

## PLAINTIFF'S MOTION

Counsel urged that the cause was ripe for submission on the merits; however for the reasons later stated, we consider it appopriate and expedient to deal with plaintiff's motion as one for a preliminary injunction under Secs. 2282 and 2284(3), supra, and Rule 65 F.R.Civ.P.

We point out that the defendants have not appeared herein, except through their motions herein, and we have only a record comprised of plaintiff's complaint, its exhibits, affidavits on behalf of the plaintiff and, on behalf of the defendants, the affidavit of Rear Admiral B. B. Forbes, Jr. and a signed affidavit of one Robert F. Connally, filed September 13, 1972.

For the purpose of this memorandum, we accept the allegations and averments

---

* Honorable James M. Carter, Senior United States Circuit Judge for the Ninth Circuit, William G. East, Senior United States District Judge for the District of Oregon, Edward J. Schwartz, Chief Judge, United States District Court for the Southern District of California, constituting a statutory three-judge district court by designation of Chief Judge Richard H. Chambers for the Ninth Circuit, dated July 24, 1972.

before us as true and find that plaintiff:

1. Is a Lieutenant in the U. S. Navy and has been a commissioned officer since August 16, 1962, for a total of more than nine years continuous active commissioned service. Prior to commission, he served seven years as an enlisted man.

2. Has served with distinction in the U. S. Navy and with overall outstanding fitness reports. In all of his fitness reports he has been recommended for promotion.

3. Was scheduled to be discharged and would have been, but for the restraining order, on June 30th last, from the naval service for the sole reason that plaintiff had not been promoted to Lt. Commander during the nine years and ten and one-half months that plaintiff has been in active commissioned service as required by Sec. 6382, supra.[1]

4. If discharged as of June 30th, last, will receive severance pay of approximately $15,000, as opposed to approximately $200,000 of benefits which would accrue to him if allowed to serve in commissioned status at least thirteen years.

## ACTS OF CONGRESS INVOLVED

Title 10, U.S.C. Sec. 6382(a) provides, inter alia:

"Each officer on the active list of the Navy serving in the grade of lieutenant, except an officer in the Nurse Corps, . . . shall be honorably discharged on June 30 of the fiscal year in which he is considered as having failed of selection for promotion to the grade of lieutenant commander

. . . for the second time. However, if he so requests, he may be honorably discharged at any time during that fiscal year."

Title 10, U.S.C. Sec. 6401(a) provides, inter alia:

"Each woman officer on the active list of the Navy, appointed under Sec. 5590 of this title, who holds a permanent appointment in the grade of lieutenant, . . . shall be honorably discharged on June 30 of the fiscal year in which she is not on a promotion list; and [too,] she has completed 13 years of active commissioned service in the Navy . . . However, if she so requests, she may be honorably discharged at any time during that fiscal year."

## DISCUSSION

The defendants urge that under this factual picture, the plaintiff is seeking judicial relief from purely executive or command policy or function dictating his non-continuance in commissioned naval service. True it is that courts have held that "Armies cannot be maintained and commanded, and wars cannot be won by the judicial process. Supervision and control over the selection . . . and dismissal of officers are not judicial functions." Beard v. Stahr, 200 F.Supp. 766 (Dist.Col., 1961) and Struck v. Secretary of Defense, 460 F.2d 1372 (9th Cir., Nov. 15, 1971) Pet. for Cert. filed, and their followers.

However, here we are faced with the claim, not faced by the Court in *Beard* and *Struck*, supra, that the enforcement of Sec. 6382 and any regulations adopted thereunder against the plaintiff constitutes an invidious discrimination between sexes[2] in naval service and vio-

---

1. Communication of the Department of the Navy, Chief of Naval Personnel, to Plaintiff dated 17 March 1972, stating inter alia: "(Sec. 6382, supra) requires that officers of your category be honorably discharged on 30 June of the fiscal year they twice fail of selection for promotion to lieutenant commander. This provision of the law provides no latitude with regard to your continuation on active duty beyond 30 June 1972. Accordingly, your discharge will be processed for 30 June 1972 unless you request earlier separation . . ." (Complaint Exh. "A")

2. We do not intend to elaborate upon the current naval command policy of placing women officers in command positions in parity with men so far as practicable, except to comment an all out effort is being made to reach that goal. (See news releases on record for our information)

lates his United States Constitutional guarantees, namely, the Equal Protection and Due Process Clauses. *Beard* and *Struck*, supra, are accordingly distinguishable and not authority on our constitutional issues. We presently are inclined to the view that executive or command decision has nothing whatever to do with the proposed discharge of plaintiff on June 30th, last. On the contrary, the discharge is mandatory through the operation of the unqualified legislative edict of Sec. 6382. This is established by the affidavit of Rear Admiral B. B. Forbes, Jr., U.S.N., attached to defendants' brief. The Admiral states: "Two hundred and thirty-eight male lieutenants of the Regular Navy were subject to the *mandatory discharge* from the Navy on June 30, 1972, pursuant to the provisions of Sec. 6382 . . . Thirty-one of these officers have served more than 18 years active duty on June 30, 1972 and, after discharge, they were granted commissions as active-duty officers in the United States Naval Reserve. This was done pursuant to a long-established policy within the Navy." (Emphasis supplied)

It is manifest that the only command function or policy exercised over the 238 male lieutenants was applicable to the 31 who received the active duty Reserve status, while the remaining 207 male lieutenants were discharged pursuant to the legislative edict.

The recurring imbalance of demand and supply of active duty officers for the various grades taxes the rational exercise of command policy and decision. Sometimes this imbalance results in an acceleration and at other times in a slowing down of the command set time interval between promotions of officers. Yet, Sec. 6382, enacted in 1947, obviously a post Second World War legislative weeding edict, operates on the turn of the calendar.

The act on its face appears to be a valid legislative enactment; however, the Supreme Court has often held that a valid statute was unconstitutionally applied to the circumstances of an individual.

The rationale of Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) is applicable with its full force in this cause. There the fee payment requirement of a statute operated unequally against the indigent. Here the statute operates unequally against a male officer when compared to a comparable statute operating favorably to the female officer.

There is an ever-increasing weight of sound judicial authority recognizing that laws, regulations and entitlement prerequisites and forfeitures resulting in a more favorable treatment to a class of one sex, as opposed to the other, results in unconstitutional discrimination and unequal protection of the laws. Diaz v. Pan American World Airway, 442 F.2d 385 (5th Cir., 1971) cert. denied 404 U.S. 950, 92 S.Ct. 275, 30 L.Ed.2d 267. The Supreme Court has spoken directly against sex discrimination in legislative acts. Skinner v. Oklahoma, 316 U.S. 535, 541, 62 S.Ct. 1110, 86 L.Ed. 1655 (1942).

Grave constitutional questions and issues arising under the Equal Protection Clause, as well as probably the Due Process Clause, are presented herein. We are not inclined to finally deal with them hastily, and particularly without any showing of executive or command interest or necessity for the apparent discriminatory treatment of plaintiff when compared to the guaranteed 13 years of service to female officers in the same category of non-promoted officers.

We conclude that: (a) The plaintiff, if he is unlawfully discharged as of June 30th, last, will suffer great monetary loss without recourse and irreparable injury by being precipitantly discharged from his career as a naval officer without an opportunity to fully contest the constitutionality thereof; (b) if plaintiff's discharge is enjoined pending final determination herein, the Government will sustain no substantial loss, if indeed any, by reason of recoupment against severance pay; (c) the equities herein are with the plaintiff; and (d) there is a probability that plain-

tiff will prevail and the status quo should be maintained.

Accordingly, a preliminary injunction shall issue herein restraining and enjoining the defendants from discharging the plaintiff from commissioned naval service pursuant to the provisions of Sec. 6382, until final determination and further order herein.

This memorandum shall stand as the Court's findings of fact and conclusions of law as provided for by Rule 52(a) F. R.Civ.P.