## No. C-502

**Max J. Wheeler v. School District #20, in the County of El Paso and State of Colorado, and Tom Huzzey, Burt Bittner, Romaine Moeller, Russell Wolfe, Mark Wild, and Mark Kinevan, Individually and as Directors of School District #20**

(535 P.2d 206)

Decided April 14, 1975.          Rehearing denied May 19, 1975.

Hobbs and Waldbaum, Larry F. Hobbs, for petitioner.

Horn, Anderson & Johnson, R. E. Anderson, for respondents.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

Following numerous complaints from teachers and parents concerning the discipline at the junior high school at which petitioner Wheeler was principal, he was transferred from his position by the school board. As a tenured teacher, he was assigned to teach at an elementary school. Petitioner challenged these actions in the district court of El Paso County, which after trial entered a judgment upholding the actions of the school board and dismissing the petitioner's complaint. That judgment was

appealed to the Colorado Court of Appeals which affirmed the trial court's judgment in *Wheeler v. School Dist. No. 20, 33 Colo. App. 233, 521 P.2d 178 (1974).* We granted certiorari for the sole purpose of considering the petitioner's contention that his constitutional rights had been violated by the actions of the school board. We affirm.

## I.

The petitioner contends that he had a due process right to notice and a hearing prior to his transfer from the position of principal to the teaching position. Petitioner recognizes this court's decision of *Draper v. School District No. 1,* 175 Colo. 216, 486 P.2d 1048 (1971), but asserts that *Draper* can retain no vitality following the United States Supreme Court decisions of *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) and *Perry v. Sindermann,* 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972).

In *Draper,* the plaintiff, who had been an elementary school principal, was transferred to the position of teacher, at a teacher's salary. In that case, we determined that C.R.S. 1963, 123-18-5, since repealed, did not provide for notice and a hearing where a teacher was returned from an administrative position to a teaching position. We indicated that

". . . the legislative intent clearly was to make a return from administration to teaching a matter of subjective determination of the board as to whether the teacher in question was performing satisfactorily in the administrative job."

*Draper* did not involve the issue of procedural due process, but as the United States Supreme Court's exposition of procedural due process has evolved, *Draper* is ultimately determinative of this case.

In *Roth, supra,* the respondent had been hired for a fixed term of one academic year at a Wisconsin university. At the end of that year, he was informed that he would not be rehired for the ensuing academic year. Under Wisconsin statutory law, respondent had no tenure rights. When the State declined to hire respondent, it did not base the nonrenewal of his contract on any charge that would injure his good name, reputation, honor or integrity. Accordingly, the Supreme Court of the United States determined that Roth had neither a property nor a liberty interest in his

re-employment. Under these circumstances, Roth did not have a right to notice of the reason for his nonretention and an opportunity for a hearing.

In the companion case of *Perry v. Sindermann, supra,* the Supreme Court of the United States found that Sindermann did have a right to a hearing at which he was to be informed of the grounds for his nonretention and afforded an opportunity to challenge their sufficiency. But in *Sindermann,* the plaintiff was covered by an informal tenure provision which he alleged was the equivalent of tenure. The Supreme Court agreed that this interest could amount to a property interest in continued employment if plaintiff could demonstrate the existence of a mutually explicit understanding that supports his claim of entitlement to the benefit. Additionally, the plaintiff had alleged that the nonrenewal of his contract was predicated on grounds that would violate his First Amendment rights of free speech.

In the case at bar, petitioner Wheeler was transferred from his job as principal of a junior high school to a position as an elementary school teacher. We note from the record that there was evidence that the school board by its action made it clear to the petitioner why they deemed necessary the change in his status with the school district. A thorough review of the statutes governing tenure indicates that the plaintiff had tenure as a teacher in the school district, but his position as principal was not so protected. This was the explicit holding of *Draper:*

"The Teacher Tenure Act, however, does not give anyone holding an administrative position tenure in such a position."

The result is the same under the new Colorado statute. Indeed, the statute provides for the transfer of an administrator to any teaching job for which he is qualified. Section 22-63-114(2), C.R.S. 1973. *See also,* C.R.S. 1963, 123-18-5, repealed in 1967. Therefore, under Colorado statutes and the holding in *Draper,* it is clear that petitioner did not have a mutually explicit understanding that supports his claim of entitlement to the benefit which is necessary before the petitioner here could claim a property interest in continued employment as principal.

Petitioner insists that the rationale of *Perry v. Sindermann, supra,* has been extended to situations involving demotions, but the cases he cites are not in point. In *Acanfora v. Board of*

*Education,* 359 F. Supp. 843 (D. Md. 1973), *aff'd,* 491 F.2d 498 (4th Cir. 1974), the procedural due process argument advanced was specifically abandoned by the plaintiff. *Springston v. King,* 340 F. Supp. 314 (W. D. Va. 1972), was vacated and remanded by the Fourth Circuit without opinion, 473 F.2d 907 (1973). *Ballard v. Laird,* 350 F. Supp. 167 (S.D. Calif. 1972), deals with dismissals and demotions where the interest in continued employment is protected by statute, and thus is a property interest.

■ The school board here did not base the reassignment of the petitioner on grounds which would injure his good name, reputation, honor or integrity, and thus amount to a deprivation of liberty. That the petitioner's performance as principal was deemed unsatisfactory by the board does not in itself so injure petitioner's good name, reputation, honor or integrity as to amount to an interest in liberty. *Board of Regents v. Roth, supra,* clearly indicates that this type of injury is inflicted only by charges in the nature of dishonesty or immorality.

Nor does this petitioner allege that he was fired, demoted, or transferred for purposes which would contravene the First Amendment. We also conclude that the facts that Wheeler has established do not bring him within the due process notice and hearing requirements of *Roth* and *Sindermann.* Under the facts as shown in this record, the petitioner was not entitled to notice and a hearing before he was relieved of his position as principal of the junior high school, and thus there is no due process infringement.

We note the recent decision by the United States Supreme Court of *Arnett v. Kennedy,* 416 U.S. 134, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974), which is in the *Sindermann-Roth* line of cases. *Arnett* indicates that the provisions of a statute providing hearing by administrative appeal may satisfy the requirements of due process. That decision does not effect the case at bar.

## II.

■ Petitioner asserts that the authority to reassign him was improperly delegated to the superintendent of schools. Section 22-63-114(2), C.R.S. 1973 provides that

"a teacher who has been occupying an executive or administrative position may be assigned to another position for which he is qualified . . . if a vacancy exists in such position."

This statute limits the discretion of the superintendent in assigning the petitioner. Additionally, the exhibits filed in this case indicate that the Board of Education unanimously approved a motion to transfer Wheeler to a position as a teacher. The discretion granted to the superintendent was not overly broad, but was merely administrative in nature. He is guided by the unambiguous direction of the above quoted statute.

Petitioner asserts that the superintendent abused his discretion in assigning him to a position for which he is not qualified. The trial court made a finding that the petitioner was qualified to handle the teaching position to which he was assigned. His teaching certificate indicates that he was qualified and further, the superintendent of schools testified that he consulted with the supervisor of teacher education and certification of the Colorado Department of Education, and was informed that petitioner was qualified for the position. The trial court's finding was thus supported by ample evidence. Furthermore, it is abundantly clear that there was no improper delegation of authority involved, and in this respect, none of the petitioner's constitutional rights have been infringed upon.

The judgment is affirmed.

MR. CHIEF JUSTICE PRINGLE concurs in the result.