Walter P. MARSH, Plaintiff-Appellant,

v.

ST. VRAIN VALLEY SCHOOL DISTRICT RE–1J, The Board of Education of St. Vrain Valley School District RE–1J, Mary Jane Hall, Dana Crumb, Donald J. Weakland, James Comer, Fred P. Norman, Jr., Theodore Arculeta, Winston L. Hile, Sandra Chella, Henri H. Kinson, and Wade Carlson, Defendants-Appellees.

No. 79CA0885.

Colorado Court of Appeals,
Div. III.

Oct. 22, 1981.

Rehearing Denied Nov. 27, 1981.

Certiorari Denied April 5, 1982.

Larry F. Hobbs, Denver, for plaintiff-appellant.

Wood, Ris & Hames, P.C., William K. Ris, Denver, Hough, Grant, McCarren & Bernard, Daniel F. Bernard, Richard N. Lyons, Longmont, for defendants-appellees.

KELLY, Judge.

Plaintiff, Walter Marsh, appeals the judgment of the district court dismissing his complaint seeking either damages or reinstatement to his former position as elementary school principal. Plaintiff asserts that he is entitled to reinstatement because procedures set forth in the applicable collective bargaining agreement were not followed. We affirm.

Plaintiff is a tenured teacher who was appointed in 1970 to the administrative position of principal of Frederick School, which contains grades kindergarten through nine. In 1972, when his evaluations indicated he was unable to handle the pressure at that school, plaintiff's contract there was not renewed, but he was offered the position of principal at Columbine School, which includes grades kindergarten through six. In 1974, his evaluations again indicated unsatisfactory performance and his employment contract for the principal position was not renewed. He was offered a position as a classroom teacher at the same school, which he accepted under protest.

As an administrator at Columbine School, plaintiff was covered by the 1974 agreement between the defendant School District and the St. Vrain Valley Association of School Administrators (SVVASA). The agreement is limited in scope, covering salary, leaves of absence, administrative staffing, and grievance procedures. Article V, which covers administrative staffing, includes sections on vacancies, job advertisements, promotions, transfers, reassignments, and contracts. Plaintiff relies on Article V–B–3, which provides:

"a. A certified administrator may be transferred or re-assigned in the best interests of the district and shall be done (sic) for valid and demonstrable reasons. The employee shall have the right to know these reasons.

(1) When the need of (sic) an involuntary transfer or re-assignment is known, the certified administrator shall be contacted by the General Superintendent.

(2) A conference between the General Superintendent and the certified administrator involved shall· be scheduled.

(3) The General Superintendent shall state the reasons for transfer or re-assignment in a letter to the certified administrator."

Defendant School District did not follow these procedures when it notified plaintiff of the non-renewal of his contract in 1974.

The plaintiff does not claim any rights under the Teacher Employment, Dismissal, and Tenure Act, § 22–63–101, et seq., C.R. S.1973. Rather, he borrows the word "transfer" from § 22–63–114, which refers to demotion from administrator to classroom teacher as a transfer, and concludes that the term "transfer" in Article V–B–3 is not limited to transfers from one administrative position to another, but includes a movement from administrative ranks to non-administrative ranks. Several cases have also referred to this special type of demotion as a "transfer." *See, e.g., Wheel-*

er v. School District No. 20, 188 Colo. 262, 535 P.2d 206 (1975); *Draper v. School District No. 1*, 175 Colo. 216, 486 P.2d 1048 (1971).

The trial court found that the word "transfer" in Article V–B–3 was ambiguous, and extrinsic evidence was introduced to illuminate the circumstances under which the provision was written into the agreement. We do not reach the question of the propriety of the trial court's admission of extrinsic evidence. Such evidence is unnecessary to reach the conclusion that the term "transfer" in Article V–B–3 of the collective bargaining agreement refers only to movement from one administrative position to another.

Article V begins by discussing job advertisements for vacancies "which occur in new and existing administrative positions" and directing application "for administrative positions" to the personnel office. The agreement specifies that "[a]dministrative assignments shall be made" by a certain deadline, and salaries for new positions must be reviewed by the SVVASA. Moreover, the agreement could not limit defendant's freedom to determine subjectively who will be removed from administrative ranks. No administrator has tenure in his administrative position. *Draper, supra.*

When plaintiff was "transferred" from Frederick School to Columbine School, Article V–B–3 did apply, affording plaintiff the right to hear reasons for the change. That transfer contained a reduction in responsibility and can be viewed as a demotion, but it was a change from an administrative position to another administrative position. Plaintiff's second demotion, from principal to classroom teacher, was different in kind because it removed him from administrative ranks. By not renewing plaintiff's employment contract as principal, defendant removed plaintiff from the jurisdiction of the agreement, which covered administrators only. The trial court correctly found that the agreement does not protect plaintiff.

The judgment is affirmed.

BERMAN and KIRSHBAUM, JJ., concur.