**Iris WELLS, Plaintiff–Appellant,**

v.

**DEL NORTE SCHOOL DISTRICT C–7,** Defendant–Appellee.

No. 85CA0246.

Colorado Court of Appeals, Div. II.

Oct. 15, 1987.

Rehearing Denied Nov. 19, 1987.

Certiorari Denied April 11, 1988.

* Justice Lohr would grant.

Hobbs/Bethke & Associates, Larry F. Hobbs, P.C., William P. Bethke, Vonda G. Hall, Denver, for plaintiff-appellant.

Caplan & Earnest, Alexander Halpern, Gerald A. Caplan, Boulder, for defendant-appellee.

SMITH, Judge.

Iris Wells (teacher) was dismissed for incompetency from her position as a tenured elementary school teacher by the defendant, Del Norte School District C–7 (school board), pursuant to the Teacher Employment Dismissal and Tenure Act of 1967, § 22–63–101, et seq., C.R.S. (1986 Cum.Supp.) (Teacher Tenure Act). The teacher seeks review, and we reverse and remand for a new hearing.

Teacher holds a general elementary teaching certificate and was the elementary school librarian until the position was eliminated because of budget difficulties. The teacher was ultimately reassigned to teach sixth grade English and Science. That reassignment was within teacher's certification, although her prior experience had been entirely confined to the lower grades. Evaluations from her performance led to the charges of incompetence filed against her and the recommendation for her dismissal.

## I.

Teacher first argues that her transfer to a position for which she is least qualified and capable predisposes a future ultimate finding of incompetence and undermines the validity of such finding. We disagree.

The power of a school board to control the transfers of teachers in its district is limited only by the express terms of the statute. *Draper v. School District I,* 175 Colo. 216, 486 P.2d 1048 (Colo.1971). Section 22–63–114(1), C.R.S. (1986 Cum. Supp.) of The Teacher Tenure Act provides:

"A teacher may be transferred upon the recommendation of the chief executive officer of the school district from one school, position, or grade level to another within the school district, if such transfer does not result in the assignment of the teacher to a position of employment for which he is not qualified by virtue of academic preparation and certification...."

Here, the teacher had taken academic courses in English and Science and was

qualified by her certification to teach any subject in the first through sixth grades.

In our view, the legislative intent was to make the matter of transfer of teachers between positions a discretionary determination by the board if within the teacher's academic preparation and certification. *See Draper, supra.* Sufficient safeguards are included within the procedures of the Teacher Tenure Act to insure fair treatment. *See Wheeler v. School District No. 20,* 33 Colo.App. 233, 521 P.2d 178 (1973), *aff'd,* 188 colo. 262, 535 P.2d 206 (1975).

## II.

Teacher next argues that her due process rights were violated when, in the midst of one witness' testimony a lunch recess was taken and the hearing officer sat down to eat his meal at the restaurant table where counsel for the school board and that witness were eating. When the hearing resumed, the hearing officer explained that no other seats had been available in the restaurant, and he said that before taking the seat he had indicated he would not discuss the case. There was no evidence of any inappropriate discussion. However, the teacher and others involved in the hearing also ate in the restaurant and observed the conversations between the hearing officer and the witness during lunch. That they were disturbed by what they observed is not disputed. Thus, we agree with the teacher, not that her due process rights were in fact violated, but that this blatant appearance of impropriety casts such a doubt on the impartiality of the decision as to vitiate the proceedings.

■ There is a presumption of integrity, honesty, and impartiality in favor of those serving in a quasi-judicial capacity. Teacher has the burden of rebutting this presumption. *Soon Yee Scott v. City of Englewood,* 672 P.2d 225 (Colo.App.1983). Although the record does not show the content of the discussion, the hearing officer's *ex parte* lunch conversations with counsel and witnesses for the board undermine the appearance of impartiality in connection with his determination of the facts and was sufficient to overcome the presumption of

regularity attendant to an administrative proceeding. *See deKoevend v. Board of Education,* 653 P.2d 743 (Colo.App.1982), *rev'd,* 688 P.2d 219 (Colo.1984).

■ When administrative proceedings are quasi-judicial in character, agency officials should be treated as the equivalent of judges. *Hadley v. Moffat County School District RE–1,* 641 P.2d 284 (Colo.App. 1981), *rev'd on other grounds,* 681 P.2d 938 (1984). Under the Code of Judicial Conduct Canon 2, a judge should avoid "impropriety and *the appearance of impropriety* in all his activities." (emphasis added) Even though a judge may believe in his or her own impartiality, it is the court's duty to eliminate every semblance of reasonable doubt or suspicion that a trial by a fair and impartial tribunal may have been denied. *Zoline v. Telluride Lodge Ass'n,* 732 P.2d 635 (Colo.1987). *See also Wood Brothers Homes v. City of Ft. Collins,* 670 P.2d 9 (Colo.App.1983).

■ In our view, maintaining the appearance of neutrality is essential when the decision-maker is the hearing officer in an administrative proceeding of the type at issue here. It is the hearing officer, rather than the board, who is empowered to assess credibility, weigh conflicting evidence, and draw factual inferences from the testimony and exhibits introduced by the parties. *deKoevend v. Board of Education, supra; Ricci v. Davis,* 627 P.2d 1111 (Colo. 1981). The hearing officer is not obligated to discuss in his findings all the evidence contained in the record, nor is he required to explain how and why he resolved any credibility issues. *See Mondragon v. Poudre School District R–1,* 696 P.2d 831 (Colo.App.1984). Though the board may review the transcript of the evidentiary hearing to confirm that the hearing officer's findings are adequately supported by the evidence, the board is not permitted to look outside the four corners of the hearing's officer's findings to make its ultimate findings. *deKoevend v. Board of Education,* supra. This extensive power calls for a scrupulous avoidance of any hint of partiality.

The appropriate remedy, consistent with the interests of justice, to correct the procedural impropriety that occurred here is to remand the case for new proceedings before a hearing officer selected pursuant to § 22–63–117(5), C.R.S. (1986 Cum.Supp.) *See deKoevend v. Board of Education, supra.*

Accordingly, the order of dismissal entered by the board of education is reversed, and the cause is remanded for new proceedings consistent with the views herein expressed.

KELLY and TURSI, JJ., concur.