**CHURCH MUTUAL INSURANCE COMPANY, a Wisconsin Corporation, Plaintiff–Appellee,**

v.

**Carol D. KLEIN, Defendant–Appellant.**

**No. 95CA1271.**

Colorado Court of Appeals, Div. II.

Sept. 26, 1996.

Rehearing Denied Nov. 21, 1996.

Certiorari Denied July 28, 1997.

Senter Goldfarb & Rice, L.L.C., William L. Senter, Susan E. Dallas, and Peter H. Doherty, Denver, for Plaintiff–Appellee.

Maurice Reuler and Associates, P.C., Maurice Reuler, Denver, Juanita Benetin, P.C., Juanita Benetin, Denver, for Defendant–Appellant.

Opinion by Judge PLANK.

In this action for declaratory relief, defendant, Carol D. Klein, appeals from the summary judgment entered in favor of plaintiff, Church Mutual Insurance Company. We affirm.

In a separate action, defendant sued her former minister, her church, and the Rocky Mountain Conference of the United Methodist Church alleging claims related to the minister's sexual misconduct. Defendant settled her claims against the church, obtained a stipulated judgment against the minister, and received a judgment at trial against the Rocky Mountain Conference.

Plaintiff initiated this action for declaratory relief to determine whether the stipulated judgment against the minister was covered under a policy it had issued to the Rocky Mountain Conference. The trial court entered summary judgment for plaintiff holding that the policy unambiguously excluded coverage of the judgment and that defendant had unsuccessfully attempted to raise an issue of fact with regard to whether plaintiff effectively reserved its right to deny coverage.

I.

Defendant challenges the summary judgment arguing that there were genuine issues of material fact with respect to both the policy's ambiguity and as to whether plaintiff had waived its denial of coverage. We disagree.

Summary judgment is proper only in those instances in which there is no dispute as to material factual issues. *Allstate Insurance Co. v. Troelstrup,* 789 P.2d 415 (Colo.1990).

However, once the party seeking summary judgment has made a convincing showing that genuine issues of fact are lacking, the opposing party must demonstrate by specific facts that a controversy exists. *Cedar Lane Investments v. St. Paul Fire & Marine Insurance Co.,* 883 P.2d 600 (Colo.App.1994).

Whether an insurance contract is ambiguous is a question of law, *Cedar Lane Investments v. St. Paul Fire & Marine Insurance Co., supra,* and an ambiguity cannot be created simply from the parties' disagreement as to the meaning of a particular provision. *Wota v. Blue Cross & Blue Shield,* 831 P.2d 1307 (Colo.1992). If the meaning of the insurance policy is expressed in plain, certain, and readily understandable language, it must be enforced as written. *Swentkowski v. Dawson,* 881 P.2d 437 (Colo.App.1994).

■ The insuring agreement of the policy issued to plaintiff provides:

> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to any person arising out of sexual misconduct or sexual molestation which occurs during the policy period. . . .

Exclusions to the policy, however, specifically provide that the insurance does not apply "[t]o any person who personally participated in any act of sexual misconduct or sexual molestation." Defendant argues that, by denying coverage to the perpetrator of the sexual misconduct, the exclusion renders any coverage under the policy for sexual misconduct illusory. However, as the trial court noted, coverage under the policy exists for other parties, particularly for the Rocky Mountain Conference, the named insured here, whose coverage is not at issue in the present case. Our review of the policy supports the trial court's conclusion that the provision is unambiguous and not subject to issues of material fact concerning coverage.

## II.

We similarly determine that plaintiff's reservation of rights under the policy was valid as a matter of law and reject defendant's contention that plaintiff waived its right to deny coverage based on the exclusion.

■ A waiver may be shown by a course of conduct signifying a purpose not to stand on a right, leading, by a reasonable inference, to the conclusion that the right in question will not be insisted upon. The determination of whether such a waiver has occurred is a question of law if the material facts are not in dispute. *Sung v. McCullough,* 651 P.2d 447 (Colo.App.1982).

■ A review of the exhibits submitted with the pleadings establishes that plaintiff clearly reserved its rights to deny coverage to the minister even though it initially undertook his defense. Consequently, we agree with the trial court that defendant failed to raise a factual question concerning whether a waiver occurred. *See Wheeler v. Reese,* 835 P.2d 572 (Colo.App.1992) (it is appropriate course of action for insurer to undertake defense while reserving right to deny coverage).

Furthermore, inasmuch as the record established the lack of waiver, we reject defendant's contention that it was patently erroneous for the trial court to rule on this matter before completion of the transcript in defendant's underlying action.

## III.

Defendant next argues that the exclusion in question is void as against public policy. Again, we disagree.

■ Parties cannot by private contract abrogate statutory requirements or conditions affecting the public policy of the state. *Briggs v. American Family Mutual Insurance Co.,* 833 P.2d 859 (Colo.App.1992). Plaintiff argues that, under this principle, any insurance coverage exclusion for conduct containing a component of sexual misconduct should be deemed void because it conflicts with the policy of protecting individuals who are uncommonly susceptible to sexual exploitation by virtue of their being involved in a distinctly dependent relationship such as the patient-therapist relationship.

Plaintiff asserts that this public policy is evident in § 10–4–110.3, C.R.S. (1996 Cum.

Supp.), which prohibits a professional malpractice insurer from limiting its stated liability with regard to claims not related to sexual misconduct where the insured is accused of sexual misconduct and the policy requires aggregation of all damages under a separate liability limit for sexual misconduct. The statute specifically provides:

**10–4–110.3. Exclusions where claim involves sexual misconduct—void.** (1) No insurer, in a policy of professional malpractice insurance, shall attempt to nullify or limit its stated liability with regard to claims not relating to sexual misconduct in cases where:

(a) There is an allegation or proof of a claim of sexual misconduct by the insured; and

(b) The policy requires aggregation of all damages under the liability limit for sexual misconduct.

(2) Any policy provision that violates subsection (1) of this section is hereby declared contrary to public policy and is void and unenforceable....

 While defendant acknowledges that § 10–4–110.3 was enacted after the effective date of the insurance contract in question, she, nevertheless, contends that it evidences a longstanding public policy that will be defeated if the exclusion is given effect. However, plaintiff's insurance policy requires no aggregation of claims such as is prohibited under § 10–4–110.3, nor does it subject claims unrelated to sexual misconduct to a smaller liability limit. Consequently, and contrary to defendant's assertion, the exclusion at issue does not violate the public policy concerns that gave rise to § 10–4–110.3.

Further, defendant relies on *American Home Assurance Co. v. Cohen,* 124 Wash.2d 865, 881 P.2d 1001 (1994), as support for the proposition that it is against public policy for an insurer to provide lower limits for claims of sexual misconduct than for claims related to non-sexual misconduct. However, the court there held that it is not against Washington's public policy for an insurer to provide lesser coverage for a psychologist's sexual misconduct than it provides for the psychologist's nonsexual misconduct. The court determined only that aggregation pro-

visions of the type prohibited under § 10–4–110.3 are invalid under Washington state law for public policy reasons. Thus, *American Home* does not support defendant's contentions.

Judgment affirmed.

CRISWELL and KAPELKE, JJ., concur.