SAFECO INSURANCE COMPANY OF AMERICA, a Washington corporation, Plaintiff–Appellee and Cross–Appellant,

v.

Robert K. ROBERTSON, Sally A. Robertson, and Linda Dickens, as the mother and guardian ad litem for Andrea Dickens, a minor, Defendants–Appellants and Cross–Appellees.

No. 97CA2216.

Colorado Court of Appeals,
Div. III.

Dec. 23, 1999.

Hall & Evans, L.L.C., Richard A. Hanneman, Malcolm S. Mead, Denver, Colorado, for Plaintiff–Appellee and Cross–Appellant.

Shughart Thomson & Kilroy, P.C., G. Stephen Long, Susan L. Stockdale, Denver, Colorado, for Defendants–Appellants and Cross–Appellees.

Opinion by Judge RULAND.

This is a declaratory judgment action brought by Safeco Insurance Company of America, plaintiff, to determine whether insurance coverage was available under a homeowner's policy for a boating accident. Defendants, Robert K. Robertson, Sally A. Robertson, Linda Dickens, and Andrea Dickens, appeal a judgment entered upon a jury verdict finding that plaintiff's policy did not provide that coverage. Plaintiff cross-appeals the denial of its motion for a directed verdict on this issue. We affirm the judgment.

Linda Dickens is the daughter of the Robertsons and the mother of Andrea. In 1995, Andrea, then eight-years-old, was a passenger on a pontoon boat owned by the Robertsons and piloted by Robert. The boat was propelled by an outboard motor. Andrea fell off the front of the boat and was severely injured by the motor's propeller. The Robertsons promptly notified plaintiff of the accident pursuant to the terms of their policy.

Based upon the policy language, plaintiff denied coverage. Linda then brought suit against Robert on behalf of Andrea and that claim was settled with plaintiff for the policy limits. The settlement was made subject to a reservation of plaintiff's rights to collect from the Robertsons, its insureds, if the court in this case determined that there was no coverage.

The homeowners insurance policy generally covers boating accidents. However, the policy also contains the following exclusion, which the parties agree is the dispositive provision:

1.  [Coverage for] Personal Liability and ... Medical Payments to Others do not apply to bodily injury or property damage ...

e.  arising out of the ownership, maintenance, use, loading or unloading of ...

(3) watercraft, as described below....

Watercraft:

(c) powered by one or more outboard motors with 50 or more total horsepower if the outboard motors are owned by an insured.

The trial court determined that the policy language was unambiguous but denied cross-motions for summary judgment and cross-motions for directed verdicts. These rulings were based upon its conclusion that genuine issues of fact remained for the jury to decide relative to the horsepower of the Robertsons' motor. The jury found no coverage under the policy, and the trial court entered judgment accordingly.

## I.

Defendants and plaintiff both contend that the trial court erred in its construction of the insurance policy language. Plaintiff asserts that the policy unambiguously excludes coverage for this accident because the pontoon boat was powered by a 50 horsepower motor.

Defendants respond that the undisputed evidence reflects that the motor was not 50 horsepower if its output is measured at the propeller consistent with current practice in the industry. In the alternative, defendants contend that the policy is ambiguous relative to how horsepower is to be measured and that, therefore, it must be construed to provide coverage under established rules for construing insurance contracts. However, we conclude that plaintiff is correct.

The construction of an insurance contract is a question of law that we review *de novo*. As with any contract, we first look to the language of the policy to determine the intent of the parties, and the contract should be construed to give effect to that intent. In this review, words should be given their plain meaning according to common usage. As a result, strained or unnatural interpretations must be avoided. *Fox v. I-10, Ltd.*, 957 P.2d 1018 (Colo.1998).

Finally, because the policies are issued to consumers who are not expected to be highly sophisticated in the art of reading insurance policies, technical constructions must be avoided. Instead, the plain meaning of the words should be applied in a manner consistent with what would be understood by persons of ordinary intelligence. *See State Farm Mutual Automobile Insurance Co. v. Nissen*, 851 P.2d 165 (Colo.1993).

Further, the question whether an insurance contract is ambiguous is also a question of law that we review *de novo*. *Church Mutual Insurance Co. v. Klein*, 940 P.2d 1001 (Colo.App.1996). A provision of an insurance policy is ambiguous only if it is reasonably susceptible on its face to more than one interpretation. *State Farm Mutual Automobile Insurance Co. v. Stein*, 940 P.2d 384 (Colo.1997). Further, an insurance policy is not ambiguous merely because the parties disagree as to its interpretation. *Church Mutual Insurance Co. v. Klein, supra.*

Here, it is undisputed that the boat was powered by an outboard motor owned by the insureds and that the motor was certified as a 50 horsepower motor by the Boating Industry Association pursuant to industry standards in effect at the time it was first marketed in 1970. This certification was established based upon a "controlled test" on three engine blocks with representatives of a number of organizations present including the manufacturer.

When the insureds purchased the boat, the motor was described in the bill of sale as a 50 horsepower motor. Further, the owner's manual for the motor states on the cover as well as in the specifications that the engine is a 50 horsepower engine, and "50" is printed on the engine housing of the motor. Under these circumstances, we conclude that the motor is a 50 horsepower motor for purposes of the policy.

The fact that the outboard motor was not capable of producing 50 horsepower from the propeller at the time and place of the accident for various reasons does not persuade us to reach a different result. In our view, measuring the capability of the motor under the policy should not require an evaluation of altitude, age of the engine, whether the engine was properly tuned, the quality and type of fuel, and other factors affecting the actual power output under the prevailing conditions at the time of the accident. Indeed, this approach would work to the possible detriment of both the insurer and the insured in that neither would know whether coverage was available until post-accident testing and evaluation had occurred.

Instead, construing the policy consistent with the plain meaning of the words and phrases used and as they would be understood by persons of ordinary intelligence, we conclude that the original certification of the motor was intended as the determining factor. *See Colonial Insurance Co. v. American Hardware Mutual Insurance Co.*, 969 P.2d 796 (Colo.App.1998).

Defendants necessarily concede that the motor at issue was rated by the manufac-

turer as a 50 horsepower motor, that it was so certified in accordance with industry standards applicable at the time it was manufactured, and that the motor had not been modified at the time of the accident. Therefore, we conclude that plaintiff's policy does not cover the injuries resulting from the accident. As a result, the trial court should have granted plaintiff's motion for a directed verdict.

Based upon that conclusion, it is unnecessary to address defendants' various contentions relative to admission of evidence concerning the motor.

## II.

Shortly before trial, defendants moved to dismiss all claims against Sally Robertson with prejudice and all claims against Linda Dickens and her child based upon the settlement. Defendants contend that the trial court erred when it did not grant their pretrial motion. We disagree.

C.R.C.P. 57(j) governs the proper parties to a declaratory judgment action, stating in pertinent part:

> When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding.

We review the trial court's decision dismissing or declining to dismiss parties to a declaratory judgment action only for abuse of discretion. *See Draper v. School District No. 1*, 175 Colo. 216, 486 P.2d 1048 (1971)(denial of motion for joinder of party not necessary to the litigation will be overturned only if it amounts to an abuse of discretion). To be an abuse of discretion, the trial court's decision must be manifestly arbitrary, unreasonable, or unfair. *Colorado National Bank v. Friedman*, 846 P.2d 159 (Colo.1993).

Here, none of the defendants has established any prejudice that resulted from the trial court's refusal to dismiss any of them as parties. Accordingly, we necessarily perceive no abuse of discretion in the trial court's ruling.

The judgment is affirmed.

Judge CASEBOLT and Judge ROY concur.