VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-349

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant. Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

JUNE TERM,   2025

Northern Security Insurance Company Inc. v. }
Raymond Walker et al. }
(Ashley Moreau a/p/n/f to Hailey Moreau\*) }
}
}
}
}
}

APPEALED FROM:

Superior Court, Caledonia Unit,
Civil Division
CASE NO. 24-CV-01339
Trial Judge: Benjamin Battles

In the above-entitled cause, the Clerk will enter:

Appellant Ashley Moreau appeals from the trial court's summary-judgment decision in favor of insurer Northern Security Insurance Company, Inc., in this insurance coverage dispute. We affirm.

The trial court relied on the following undisputed facts. Raymond Walker and Humbert Hernandez own a residence on Joe's Pond in West Danville, Vermont. Sometime before 2020, they acquired a pontoon boat powered by an outboard motor. The boat is a 1988 model and is powered by its original motor, which was marketed and sold as having 40 horsepower. In 2020, the couple obtained a homeowner's insurance policy from insurer. They did not declare the boat to insurer at the policy's inception. The policy was automatically renewed and was in effect in August 2021 when appellant's minor child was seriously injured in a boating accident.

Mr. Walker and Mr. Hernandez filed a claim with insurer, which was denied. Insurer subsequently filed this declaratory judgment action, arguing that it had no obligation to defend or indemnify defendants Walker, Hernandez, and two other defendants, in connection with any damages that might be awarded to appellant in a civil suit she filed. Insurer moved for summary judgment in its favor, which appellant opposed. Mr. Walker and Mr. Hernandez joined appellant's opposition; the remaining defendants took no position on the summary-judgment motion.

As relevant here, the homeowner's policy excluded coverage for liability arising from the use of a watercraft "principally designed to be propelled by engine power or electric motor." The policy contained an exception for specific types of small watercraft. As relevant here, the policy covered liability arising from the use of watercraft "[t]hat are not sailing vessels and are powered by: . . . [o]ne or more outboard engines or motors with 25 total horsepower or less."

Insurer argued that the coverage was unambiguously excluded under the policy. Appellant asserted that the phrase "with 25 total horsepower or less" was ambiguous and urged the court to evaluate the motor's actual operating capacity rather than the motor's capacity at the time of its original sale.

The court agreed with insurer. It rejected defendants' argument that the words "with 25 total horsepower or less" could be reasonably interpreted to mean either "maximum capability at the time of the loss" or "rated by the manufacturer at." It noted that other courts had rejected similar arguments in construing similar watercraft exclusions and exceptions. The court concluded that the policy was reasonably understood to exclude a watercraft, like the boat here, that was sold with a 40-horsepower outboard motor, even if the actual power output was less than 40 horsepower. The court noted that when defendant Walker reported the claim to insurer and was asked to provide the "horsepower on the boat," he responded that "[t]he horsepower on the boat is 40" and confirmed that the "[m]otor was purchased with the boat." The court considered it unreasonable to interpret the phrase as meaning "with a maximum capability at the time of loss of producing 25 total horsepower or less when measured at the propeller," as defendants proposed. Defendants cited no authority to support such an interpretation, and the court did not consider this interpretation workable or consistent with the parties' reasonable expectations when they entered into the insurance contract. The court concluded that "this approach would work to the possible detriment of both the insurer and the insured in that neither would know whether coverage was available until post-accident testing and evaluation had occurred." Safeco Ins. Co. of Am. v. Robertson, 994 P.2d 488, 490 (Colo. App. 1999). The court thus granted summary judgment to insurer, concluding that the boat was an excluded watercraft under the policy. This appeal followed.

On appeal, appellant reiterates her argument that the language "with 25 total horsepower" is ambiguous. Relying on this assertion, she contends that the trial court should have granted her request for limited discovery to obtain expert testimony regarding the boat's actual horsepower as well as evidence regarding the parties' coverage expectations. She further asserts that the court failed to give her the benefit of reasonable inferences and that it resolved a disputed fact by determining the boat had a 40-horsepower motor.[*]

We review the court's decision applying the same standard as the trial court. Gallipo, 2005 VT 83, ¶ 13. Summary judgment is appropriate "if the movant shows that there is no genuine dispute of material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). "In determining whether a genuine issue of fact exists, the nonmoving party receives the benefit of all reasonable doubts and inferences." Samplid Enters., Inc. v. First Vt. Bank, 165 Vt. 22, 25 (1996).

As the trial court recognized, "interpretation of an insurance policy, like other contracts, is a question of law." State Farm Mut. Auto. Ins. Co. v. Colby, 2013 VT 80, ¶ 8, 194 Vt. 532 (quotation omitted). "Because policies are interpreted according to their terms and the intent of the parties as expressed through policy language, disputed terms are to be given their plain, ordinary, and popular meaning." Com. Constr. Endeavors, Inc. v. Ohio Sec. Ins. Co., 2019 VT 88, ¶ 10, 211 Vt. 286 (alteration and quotation omitted). "Although any ambiguity in policy

_____

[*] Appellant raises new arguments for the first time in her reply brief and we do not address these arguments. See, e.g., Gallipo v. City of Rutland, 2005 VT 83, ¶ 52, 178 Vt. 244 (stating issues not raised in original brief may not be raised for first time in reply brief). Even if we were to address these arguments, we would reject them.

2

language must be construed in the insured's favor, the insurer is not to be deprived of unambiguous provisions included in a policy for its benefit." Id. ¶ 11 (quotation omitted). A contract term will only be deemed ambiguous if it can reasonably be read to have multiple meanings. Id.

We agree with the trial court that the policy language at issue here is plain and unambiguous. The only reasonable interpretation of the phrase "with 25 total horsepower or less" is a watercraft equipped with such a motor. Appellant's interpretation is unreasonable for the reason identified by the trial court and by other courts: it is not workable or grounded in what parties would reasonably expect at the time they agreed to the policy. It is undisputed that the motor in place at the time of the accident was a 40-horsepower motor and, contrary to appellant's assertion, the court did not decide any disputed facts in reaching its conclusion.

The Safeco Insurance Co. court considered an argument similar to that raised here. In that case, the homeowners sought insurance coverage after a child fell off a pontoon boat and was "severely injured by the motor's propeller." 994 P.2d at 489. The insurer denied coverage, relying on an exclusion in the homeowner's policy for watercraft "powered by one or more outboard motors with 50 or more total horsepower." Id. The homeowners argued that "the motor was not 50 horsepower if its output [was] measured at the propeller" and, alternatively, "that the policy [was] ambiguous relative to how horsepower [was] to be measured and that, therefore, it must be construed to provide coverage under established rules for construing insurance contracts." Id. at 490.

The court rejected these arguments. The court explained that the evidence was undisputed that the motor was certified as a 50-horsepower motor "at the time it was first marketed," it "was described in the bill of sale as a 50-horsepower motor," the owner's manual indicated the motor was 50 horsepower, and the number 50 was printed on the motor's engine housing. Id. The court was unpersuaded by the fact that "the outboard motor was not capable of producing 50 horsepower from the propeller at the time and place of the accident." Id. As it explained:

> In our view, measuring the capability of the motor under the policy should not require an evaluation of altitude, age of the engine, whether the engine was properly tuned, the quality and type of fuel, and other factors affecting the actual power output under the prevailing conditions at the time of the accident. Indeed, this approach would work to the possible detriment of both the insurer and the insured in that neither would know whether coverage was available until post-accident testing and evaluation had occurred.
>
> Instead, construing the policy consistent with the plain meaning of the words and phrases used and as they would be understood by persons of ordinary intelligence, we conclude that the original certification of the motor was intended as the determining factor.

Id.

We reach the same conclusion here. The claim for coverage was barred by the unambiguous policy language in the homeowner's policy.

Appellant's remaining argument concerning discovery rests on a premise we have rejected, and we thus reject this argument as well. The court did not err in granting summary judgment to insurer.

Affirmed.

BY THE COURT:

Harold E. Eaton, Jr., Associate Justice

Karen R. Carroll, Associate Justice

Nancy J. Waples, Associate Justice