The PEOPLE of the State of
Colorado, Complainant,

v.

R. Michael HOLMES, Attorney–
Respondent.

No. 96SA154.

Supreme Court of Colorado,
En Banc.

July 22, 1996.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance by Attorney–Respondent.

PER CURIAM.

The respondent in this lawyer discipline proceeding defaulted before the grievance committee and has not appeared before this court. A hearing panel of the supreme court grievance committee approved the findings and the recommendation of a hearing board that the respondent be suspended for one year and one day and that he be required to satisfy certain conditions before he can be reinstated. The assistant disciplinary counsel has not excepted to the hearing panel's

action. We accept the hearing panel's recommendation.

## I.

The respondent was admitted to practice law in Colorado in 1984. Two formal complaints filed by the assistant disciplinary counsel and involving the respondent were consolidated for hearing. Because the respondent did not answer the complaints, defaults were entered against him, and the allegations of fact contained in the complaints were deemed admitted. C.R.C.P. 241.13(b); *People v. Barr*, 855 P.2d 1386, 1386 (Colo. 1993). Based on the respondent's default and the evidence presented, the hearing board found that the following had been established by clear and convincing evidence.

## A.

■ The respondent represented a client in seeking a restraining order against a husband and wife. The wife received a subpoena to appear in court, but ultimately the court dismissed the proceeding as to her. On May 4, 1994, the wife wrote to the respondent's client demanding reimbursement for $550 in attorney fees she had incurred in defending against the client's allegations. The client gave the letter to the respondent.

The respondent sent a letter to the wife dated May 12, 1994, in which he impliedly threatened to pursue criminal charges to obtain an advantage in the civil matter. The respondent's letter also contained material that was undignified, offensive, and unprofessional in both its tone and substance. As the hearing board concluded, the respondent thereby violated R.P.C. 4.5 (a lawyer shall not threaten to present criminal charges to obtain an advantage in a civil action); and R.P.C. 8.4(h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

## B.

■ Although he is not licensed to practice law in Utah, the respondent was general counsel for a Utah corporation. In connection with his representation of the corporation, the respondent wrote a letter to the clerk of a Utah district court, and by means of the letter, the respondent attempted to engage in the unauthorized practice of law. Moreover, as the hearing board noted, the "letter also demonstrates by its tone and language that respondent may not be fit to practice law." The respondent's conduct violated R.P.C. 5.5(a) (a lawyer shall not practice law in a jurisdiction where doing so violates the regulations of the legal profession in that jurisdiction), and R.P.C. 8.4(h) (a lawyer shall not engage in conduct that adversely reflects on the lawyer's fitness to practice law).

## C.

■ James Gifford hired the respondent on August 4, 1994, to defend him in a civil action filed in the District Court of Douglas County, Colorado. On August 17, 1994, the respondent filed a motion for extension of time until September 7, 1994, to answer the complaint. In the motion, the respondent misrepresented that Gifford had not hired him until August 11. The respondent did not file an answer by September 7.

The opposing lawyer filed a motion for entry of default judgment on September 15. One day later the respondent filed an answer generally denying the allegations of the complaint and stating that counterclaims would be filed separately. No counterclaims were ever filed.

The respondent and the opposing lawyer agreed on September 28 to set a trial date of March 7, 1995. The respondent later objected to the trial date, and he misrepresented that another judge had asked him to appear on March 7 to represent the defendant in a felony case in which there were speedy trial concerns. As a result of its own investigation, the court in the civil case discovered that no such request had been made of the respondent.

On October 4, 1994, the opposing counsel submitted requests for discovery to the respondent. The respondent did not provide these discovery requests to his client until November 17. Although the client supplied the required information that same day, the respondent did not submit responses to the

opposing counsel until November 29, 1994. As a result, the court assessed $345 in attorney fees against the respondent's client as a sanction for discovery violations. The court also granted the other lawyer's motion that the requests for admission be deemed admitted. The respondent did not notify his client of the sanctions order. The respondent also did not tell his client of a settlement offer made by the opposing party, and the offer lapsed.

The respondent did not prepare Gifford for his deposition, taken on January 31, 1995, and was forty-five minutes late for the deposition. Gifford fired the respondent, and learned what had transpired in the case only when he obtained copies of pleadings and correspondence from the opposing lawyer. On February 6, 1995, the respondent withdrew from representing Gifford.

As the hearing board concluded, the foregoing conduct violated R.P.C. 1.3 (a lawyer shall act with reasonable diligence and promptness in representing a client); R.P.C. 1.4(a) (a lawyer shall keep the client reasonably informed of the status of a matter); R.P.C. 3.2 (a lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client); R.P.C. 3.3(a)(1) (a lawyer shall not make a false statement of material fact to a tribunal); R.P.C. 3.4(d) (in pretrial procedure, a lawyer shall not fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party); R.P.C. 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and R.P.C. 8.4(d) (a lawyer shall not engage in conduct that is prejudicial to the administration of justice).

### D.

■ The respondent wrote a letter on May 10, 1994, to a client's former landlord. As the hearing board found, the letter contained "undignified, offensive and threatening language which adversely reflects on respondent's fitness to practice law," contrary to R.P.C. 8.4(h).

### E.

■ On September 15, 1994, the respondent wrote a letter to a county court judge regarding a small claims collection matter involving a client of the respondent. The respondent stated in the letter that he would not be entering an appearance in the collections matter due to a conflict of interest. Nevertheless, the respondent asked for the judge's rationale in entering a default against his client and he effectively sought to influence the court by means that are prohibited. He did not provide a copy of the letter to the opposing party. His conduct thereby violated R.P.C. 3.5(a) (a lawyer shall not seek to influence a judge by means prohibited by law), and R.P.C. 3.5(b) (a lawyer shall not communicate ex parte with a judge except as permitted by law).

### F.

The respondent represented a construction company that was a defendant in a civil action pending in Douglas County District Court. The hearing board determined that on April 13, 1994, in a response to a motion in the case, the respondent made "an unjustified allegation that opposing counsel was lying to the court, and used other language which adversely reflects on respondent's fitness to practice law," in violation of R.P.C. 8.4(h).

### II.

■ The hearing panel approved the board's recommendation that the respondent be suspended for one year and one day, and that as conditions of reinstatement he be required to demonstrate that there are no medical or psychological bases that actually impair his abilities to fulfill the responsibilities of a lawyer, and that he has made restitution to his client James Gifford for the $345 attorney fee award plus statutory interest.

With respect to the respondent's extensive pattern of neglect in the Gifford matter, the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), provides that in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer

knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at 4.42.

Aggravating factors include a previous letter of admonition for threatening criminal prosecution, *id.* at 9.22(a); a pattern of misconduct, *id.* at 9.22(c); multiple offenses, *id.* at 9.22(d); failure to participate in these proceedings, *id.* at 9.22(e); failure to acknowledge the wrongful nature of his conduct, *id.* at 9.22(g); and substantial experience in the practice of law, *id.* at 9.22(i). Because the respondent did not participate in the proceedings, the hearing board was not aware of, and did not find, any factors in mitigation.

The pattern, breadth, and nature of the respondent's misconduct, together with his total disregard of these proceedings, demonstrate that suspension for one year and one day is appropriate. These same factors support the requirement that the respondent prove his fitness to practice law before he is reinstated. *See* C.R.C.P. 241.22(b–d).

Furthermore, the respondent's letters referred to in the disciplinary counts above do not appear to be written by a person with any understanding of a lawyer's proper professional role. They are bereft of any sense of respect for the recipients of the letters, and reflect irresponsibility. We are therefore concerned, as was the hearing board, with the respondent's mental and emotional stability, and we agree with the hearing panel's recommendation that the respondent be required to demonstrate his medical and psychological fitness as a condition of reinstatement. Accordingly, we accept the hearing panel's recommendations.

### III.

It is hereby ordered that R. Michael Holmes be suspended from the practice of law for one year and one day, effective thirty days after the issuance of this opinion. *See* C.R.C.P. 241.21(a). It is also ordered that the respondent pay the costs of this proceeding in the amount of $177.22 within thirty days after the announcement of this opinion

to the Supreme Court Grievance Committee, 600 17th Street, Suite 920–S, Denver, Colorado 80202. Holmes must undergo reinstatement proceedings as set forth in C.R.C.P. 241.22(b–d) prior to reinstatement, and as a special condition of reinstatement, the respondent is required to demonstrate that there are no medical or psychological bases that actually impair his abilities to fulfill the responsibilities of a lawyer. Finally, as an additional condition of reinstatement, the respondent must prove that he has made full restitution with statutory interest to James Gifford for the $345 attorney fee award.