**The PEOPLE of the State of Colorado, Complainant,**

v.

**R. Michael HOLMES, Attorney–Respondent.**

Nos. 97SA109, 97SA324.

Supreme Court of Colorado, En Banc.

Jan. 20, 1998.

Linda Donnelly, Disciplinary Counsel, James C. Coyle, Assistant Disciplinary Counsel, Denver, for Complainant.

No Appearance by or on Behalf of Attorney–Respondent.

PER CURIAM.

We consolidate two lawyer disciplinary proceedings for one opinion and order. In No. 97SA109, a hearing panel of the supreme court grievance committee approved the findings and recommendation of a hearing board that the respondent be suspended from the practice of law for forty-five days. A second hearing panel approved the recommendation of a different hearing board in No. 97SA324 that the respondent be disbarred and ordered to pay restitution. We accept the recommendation of both panels and order that the respondent be disbarred.

I.

The respondent was admitted to practice law in Colorado in 1984. He was suspended for one year and one day in 1996 for engaging in an extensive pattern of neglect and other unprofessional behavior, and has not been reinstated. *See People v. Holmes,* 921 P.2d 44, 48 (Colo.1996). He defaulted in both of the current cases by failing to answer either formal complaint. The facts and allegations contained in the respective complaints were therefore deemed admitted. *See* C.R.C.P. 241.13(b); *People v. Pierson,* 917 P.2d 275, 275 (Colo.1996). Based on the respondent's defaults and the evidence presented at the hearings, the hearing boards made the following findings based upon clear and convincing evidence.

## A. No. 97SA109

Holly and Gary Reno hired the respondent in 1994 to resolve a dispute with an individual who held the second mortgage on their home. They paid him a $250 advance fee and he agreed to file a civil action on their behalf. Over a period of about fourteen months he did nothing in the case, made misrepresentations to Ms. Reno about the status of the case, failed to reasonably communicate with her from December 1995 to February 1996, and failed to return his clients' advance fee or file, despite requests that he do so. He never filed the action. His conduct violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to communicate appropriately with a client); Colo. RPC 1.16(d) (failing to return client property following termination of employment); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

In addition, his failure to file a response to the request for investigation in this case or to participate in these proceedings constitutes a violation of C.R.C.P. 241.6(7) (failing to respond to the grievance committee without good cause shown).

## B. No. 97SA324

### 1. Lisa Gonser

Lisa Gonser retained the respondent on or about July 18, 1996, to represent her in a

post-dissolution visitation matter involving her ex-husband. She paid the respondent $400, and he subsequently cashed the check. On July 22, 1996, this court suspended the respondent for one year and one day, effective thirty days thereafter. *See People v. Holmes*, 921 P.2d 44, 48 (Colo.1996). He did not notify Gonser of his suspension as required by C.R.C.P. 241.21(b).

Over a period of weeks, Gonser was unable to contact the respondent. He did finally return the legal materials she had provided him, but he has not returned her $400 or given her any explanation for his conduct. During this period of time, he did not perform any work on her case. In early September 1996, Gonser hired another lawyer.

The respondent thereby violated Colo. RPC 1.3 (neglecting a legal matter); Colo. RPC 1.4(a) (failing to communicate appropriately with a client); Colo. RPC 1.15(a) (failing to hold client property separate from the lawyer's own property); Colo. RPC 1.15(b) (failing to return client funds); Colo. RPC 1.16(d) (failing to return client property following termination of employment); Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and C.R.C.P. 241.21(b).

## 2. Corporate Records

In the mid–1980s, Gregory N. Yattaw hired the respondent to incorporate his business, Gregory N. Yattaw and Associates, Inc. The respondent thereafter performed various legal services related to the corporation. Around the time of the respondent's 1996 suspension, Yattaw tried to contact him without success. When Yattaw's new lawyer requested the return of the corporate records in the respondent's custody and control, the respondent did not even respond. Because the corporate documents have not yet been returned, Yattaw has experienced difficulties in the continued operation of the firm's business and in complying with statutory and regulatory requirements. The respondent's inaction and failure to return the corporate records violated Colo. RPC 1.3 (neglect); Colo. RPC 1.4(a) (failing to communicate); Colo. RPC 1.15(b) (failing to return client property); and Colo. RPC 1.16(d) (failing to

protect a client's interests and to return client property following termination of employment).

## 3. DUI

In March 1996, Yattaw's son retained the respondent to represent him on a charge of driving under the influence of alcohol. Yattaw paid the respondent a $900 flat fee. The respondent entered an appearance on his client's behalf in April 1996 and then performed no more legal work on the case. The Yattaws' attempts to reach the respondent after June 1996 were fruitless. Yattaw's son hired another lawyer to represent him in July or August 1996, who also was unsuccessful in contacting the respondent or getting him to file a notice of substitution of counsel or of withdrawal. The respondent failed to appear at the pretrial conference on August 5, 1996. The new lawyer's firm then entered its appearance in the DUI case. Although requested to do so, the respondent has not returned any of the $900 fee he was paid.

The foregoing conduct violated Colo. RPC 1.3 (neglect); Colo. RPC 1.4(a) (failing to communicate); Colo. RPC 1.15(b) (failing to return client funds); Colo. RPC 1.16(d) (failing to protect a client's interests and to return client property following termination of employment); and Colo. RPC 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

## 4. Failing to Follow Disciplinary Rules

After his 1996 suspension, the respondent did not comply with the requirements of C.R.C.P. 241.21, including failing to notify his clients in writing of his suspension. He has also failed to notify attorney registration of his current address, contrary to C.R.C.P. 227(A)(2)(b). Finally, he did not respond to the requests for investigation in these matters, thereby violating C.R.C.P. 241.6(7).

By not following these rules, the respondent also violated Colo. RPC 8.4(d) (engaging in conduct prejudicial to the administration of justice); and Colo. RPC 8.4(h) (engaging in conduct that adversely reflects on the lawyer's fitness to practice law).

## II.

The hearing panel in No. 97SA109 accepted the hearing board's recommendation that the respondent be suspended for forty-five days. The hearing board in 97SA324 recommended disbarment. Because we conclude that the findings of misconduct and the recommendation of disbarment in No. 97SA324 are dispositive with respect to the sanction to be imposed, and because the misconduct in No. 97SA109 is so similar, we limit our discussion of sanctions to the second case. In No. 97SA324, the hearing board found that

the respondent accepted retainers from Ms. Gonser and Mr. Yattaw and thereafter, effectively abandoned his clients and their legal matters. The respondent's conduct in failing to perform legal services for which he was paid by Ms. Gonser and Mr. Yattaw is tantamount to knowing misappropriation of client funds. The respondent's conduct caused substantial harm to Ms. Gonser since she subsequently had to pay an additional $1,000 to new counsel to complete her case. Further, Mr. Yattaw may now have to reconstruct his corporate records in order to comply with statutory obligations and statutory requirements at great personal expense.

Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & Supp.1992) (ABA *Standards*), in the absence of mitigating factors, disbarment is generally appropriate when:

(a) a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b) a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c) a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.

ABA *Standards* 4.41. In addition, ABA *Standards* 4.11 provides that "[d]isbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client."

We have previously found disbarment appropriate when a lawyer effectively abandons his clients and thereby misappropriates unearned attorney fees. *See, e.g., People v. Roybal,* 949 P.2d 993, 998 (Colo.1997).

Since the respondent did not appear, the hearing board did not consider any mitigating factors. In aggravation, the hearing board found that the respondent had prior discipline in the form of an admonition in 1993 and a suspension in 1996, *see* ABA *Standards* 9.22(a); he had a dishonest or selfish motive, *see id.* at 9.22(b); there is a pattern of misconduct, *see id.* at 9.22(c); there is a bad faith obstruction of the disciplinary process because of the respondent's intentional failure to comply with the rules and orders of the disciplinary authorities, *see id.* at 9.22(e); the respondent has refused to acknowledge the wrongful nature of his conduct, *see id.* at 9.22(g); he has substantial experience in the practice of law, *see id.* at 9.22(i); and he has exhibited indifference to making restitution, *see id.* at 9.22(j). In No. 97SA324 the respondent was also found to have committed multiple offenses. *See id.* at 9.22(d).

We conclude that disbarment is certainly warranted in this case. Accordingly, we accept the recommendation that the respondent be disbarred.

## III.

It is hereby ordered that R. Michael Holmes be disbarred and that his name be stricken from the list of attorneys authorized to practice before this court, effective immediately. The respondent is also ordered to pay the combined costs of these proceedings in the amount of $288.44 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202. Should the respondent ever seek readmission, he must demonstrate by clear and convincing evidence that he has made the following restitution as a condition thereof:

(1) $250 plus statutory interest from December 31, 1994, until paid, to Holly and Gary Reno, together with the return of their client file;

(2) $400 plus statutory interest from July 18, 1996, until paid to Lisa Gonser; and

(3) $900 plus statutory interest from March 31, 1996, until paid to Gregory N. Yattaw.