785 P.2d 1242

APACHE COUNTY, Arizona, a body politic, Petitioner,

v.

SUPERIOR COURT of the State of Arizona, In and For the COUNTY OF MARICOPA, the Honorable Joseph D. Howe, a judge thereof, Respondent Judge,

SAMARITAN HEALTH SERVICES, an Arizona corporation, Real Party in Interest.

No. 1 CA-SA 89-149.

Court of Appeals of Arizona, Division 1, Department C.

Oct. 26, 1989.

Review Denied Feb. 14, 1990.

Stephen G. Udall, Apache County Atty. by Michael G. Goimarac, Deputy County Atty., St. Johns, for Apache County.

Gammage & Burnham by Richard B. Burnham, Curtis Ullman and Cameron C. Artigue, Phoenix, for real party in interest.

## OPINION

SHELLEY, Judge.

Samaritan Health Services, Inc. (Samaritan) filed a 294-count complaint against 11 different counties in the Maricopa County Superior Court seeking payment for emergency medical services rendered to 291 allegedly indigent persons. Only 17 of the counts involve patients for which Apache County is alleged to be responsible. Apache County moved for change of venue claiming that joinder of the counts against it was improper under Rule 20(a), Arizona Rules of Civil Procedure. It further asserted that since joinder was improper, Apache County was the only proper venue for the lawsuit. The trial court denied the motion: "... without prejudice to move

later to sever for trial or other procedures, or [sic] those parts of this case applicable to Apache County." Apache County filed this special action on June 29, 1989. This court accepted jurisdiction of the special action and granted relief on August 2, 1989, with an opinion to follow. This is the opinion.

A special action is appropriate to test a venue ruling. *Yell v. Garrett*, 19 Ariz. App. 3, 504 P.2d 544 (1972). Petitioner has no plain, speedy, or adequate remedy by appeal since a denial for change of venue is not appealable. *Goff v. Superior Courts in and for Counties of Pima and Maricopa*, 2 Ariz.App. 344, 409 P.2d 60 (1965).

The sole issue presented is: *Did the trial court err in denying petitioner's request for a change of venue?* We hold that the trial court erred in denying the motion for change of venue because joinder under Rule 20(a) was improper.

The State of Arizona requires Samaritan and other private health care providers to provide necessary emergency medical services to all patients regardless of their ability to pay. *Guerrero v. Copper Queen Hospital*, 112 Ariz. 104, 537 P.2d 1329 (1975). Pursuant to A.R.S. § 11–291, *et seq.*, the counties are obligated to provide or pay for necessary emergency services rendered to the indigent sick of their respective counties. Many of Arizona's rural counties lack necessary medical facilities to treat critically ill or injured patients. These patients are therefore routinely transferred to Samaritan and other health care providers in Phoenix or Tucson for treatment.

Apache County asserts that there is no factual or legal basis for joining the counts against Apache County with the remaining 277 against the ten other counties. Samaritan posits that:

> The counties' liability on the individual accounts often depends on simple factual issues, such as the residence or income of a given patient. Once a lawsuit is filed the parties use discovery powers to resolve these simple factual issues. Thousands of patient accounts are litigated yearly in this fashion and virtually all

are settled without the need for trial, or, indeed, judicial intervention on any contested motion. Of the scores of these lawsuits involving literally thousands of patients filed by Samaritan's counsel over the past decade, only two patient accounts have proceeded to a trial on the merits. All of the appellate decisions in cases involving Samaritan's counsel were initially resolved on motions for summary judgment ... Since Maricopa County is a defendant in this action, venue is proper in Maricopa County under A.R.S. § 12–401(15), ...

(Response Memorandum of Samaritan at 3–4).

The fact that thousands of patients' accounts are litigated yearly in this fashion and that virtually all are settled without trial or need for judicial intervention is immaterial. This does not justify an improper joinder of parties. A.R.S. § 12–401 states:

> No person shall be sued out of the county in which such person resides, except:
>
> . . . .
>
> (15) Actions against counties shall be brought in the county sued unless several counties are defendants, when it may be brought in any one of the counties.

Therefore, if the joinder is proper, venue is appropriate in Maricopa County. Conversely, if joinder is improper, the motion for change of venue should have been granted. A plaintiff cannot control venue by an improper joinder of defendants. Rule 20(a), A.R.C.P., reads:

> **Permissive joinder.** All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, *any* right to relief in respect of or arising out of the *same* transaction, occurrence, or ser-

ies of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action. A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief, and against one or more defendants according to their respective liabilities.

Samaritan asserts:

Samaritan's claims against the county defendants arise from and involve the application of the identical statutory basis of liability. The claims involve a varying, but repetitious, set of legal and factual questions, such as whether a patient resided in a given county, whether Samaritan gave the required notice to the county, whether the patient was qualified to receive medical assistance at county expense, and so on. The counties' liability is also premised on the identical statute, A.R.S. § 11–297.01.

. . . .

Samaritan submits that its daily and routine treatment of Arizona's indigent population constitutes a series of transactions or occurrences within the meaning of Rule 20 . . . Samaritan's treatment of indigent patients constitutes a series of transactions or occurrences under State mandate, and joinder of these claims is thus permissible.

(Samaritan's Response Memorandum at 5, 8–9). We disagree.

7 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure* § 1652 at 373 (1986), states: Rule 20(a) " . . . simply establishes a procedure under which the demands of several parties *arising out of the same litigable event* may be tried together, thereby avoiding the unnecessary loss of time and money to the court and the parties that the *duplicate presentation* of evidence relating to facts common to more than one demand for relief would entail." [Emphasis added] This case does not involve the same litigable event with respect to any of the claims against the defendants. Under the allegations in this case,

there will be no duplicate presentation of evidence relating to facts common to more than one demand for relief. In 2 C. Smith, *Arizona Practice: Civil Trial Practice* § 180 (1986), we read with respect to Rules 18(a) and 20(a):

When there are multiple claims and multiple parties, courts look for a '*common thread' on the side* where the parties are multiple; *that is one party who is interested in all claims.* If there are both multiple plaintiffs and multiple defendants, *a common thread must be found on both sides.*

*Id.* at 169 (emphasis added). There is no common thread *on the side* where the counties are multiple. Each county's sole interest is in the claims for which it is alleged to be responsible.

In *Movie Systems, Inc. v. Abel,* 99 F.R.D. 129, 130 (D.Minn.1983), the court stated:

On the basis of the files and records, the court finds a misjoinder of party defendants in contravention of the "same transaction" requirement of Rule 20(a). It may be that the complaints assert a right to relief against all defendants arising from *similar* transactions, but the rule permitting joinder requires that such arise from the *same* transactions. They don't here. Each of the complaints states a separate cause of action against each of the 1795 defendants. *No concert of action is alleged, nor could it be because the operative facts of each transaction are distinct and unrelated to any other. There is no claim that the alleged pirating of microwave signals was done other than independently by each of the 1795 defendants. An allegation of joint action is required.* Nassau County Assoc. of Ins. Agents, Inc. v. Aetna Life, 497 F.2d 1151 (2nd Cir.1974); *Insull v. New York World Telegram Corp.,* 172 F.Supp. 615 (N.D. Ill.1959). [Emphasis added]

In the case of *Kenvin v. Newburger, Loeb & Co.,* 37 F.R.D. 473, 474–75 (S.D.N.Y.1965), the court stated with regard to Rule 20(a):

The complaint sets forth eight claims, each called a 'cause of action' and each

alleged to arise out of violations of 'the regulations issued by the Federal Reserve Board * * * and * * * the Securities Exchange Act of 1934.'

This rule provides for the permissive joinder of parties defendant when the liability asserted against each of the defendants arises out of the same transaction, etc. *and* presents a common question of law or fact. See *Music Merchants, Inc. v. Capitol Records,* 20 F.R.D. 462, 465 (E.D.N.Y.1957); 3 Moore's Federal Practice, 2722–2725. What this comes down to is that, not only must there be a common question, but also the 'right to relief' must arise from the *'same transaction' or 'series of transactions.'*

It is evident that there is a misjoinder of parties in the case at bar in violation of Fed.R.Civ.P. 20(a).

*The operative facts* asserted against movant Newburger *are in no way factually connected to those asserted against the other defendants.* The dates, amounts lost and apparently the securities are all different. It would appear that *plaintiff has alleged against each of the four defendants distinct and unrelated acts which happen to involve violations of the same statutory duty.*

Even assuming that the plaintiff 'had dealings with all of the defendants above named and there was a common factoring arrangement of which all defendants had knowledge' the requirement that the *right to relief* arise out of the same transaction, occurrence or series of transactions or occurrences is plainly not met. [Emphasis added]

In this case as in *Abel* and *Kenvin,* the transactions are perhaps similar *but they are not the same.* The operative facts of each transaction are distinct from any other.

There is no concert of action alleged between any of defendants in evaluating or processing the indigent medical claims presented to them. Each claim presents facts occurring at different times with circumstances peculiar to each claim. There is no "common thread" running between or

through each of the claims which is necessary to permit permissive joinder. The questions to be resolved with respect to each patient named in the 294 counts are the same, to-wit: (1) Was he/she a resident of the county in question at the time of the hospitalization? (2) Was the patient an indigent as defined by statute? (3) Did the hospital give the county notice as required by the statute? (4) On what dates did the hospitalization commence and end for each named patient? Also, there may be other factual issues involved. The testimony with respect to factual issues relative to each patient will apply only to that patient. Therefore, none of the counts arises out of the *same* transaction or series of transactions. Samaritan's daily and routine treatment of Arizona's indigent population does not constitute the *same* transactions or series of transactions as required by Rule 20(a).

Even though the allegations in all 294 counts are based upon the same statutory duty, this is not sufficient by itself to bring the case within the requirement that joinder must arise out of the *same* transaction, occurrence, or series of transactions or occurrences. It is only when this requirement is met, *coupled* with a common question of law or fact, that joinder is proper. This requirement was not met. Therefore, joinder was improper.

The fact that the trial court stated that Apache County could later move to sever or use other procedures is not a sufficient reason to avoid granting a change of venue. The trial court's order did not attempt to reserve to Apache County the right to renew its motion for change of venue at a later date in the event severence was subsequently granted.

■ Samaritan quotes from 7 C. Wright, A. Miller, and M. Kane, *Federal Practice & Procedure* § 1653 at 389 (1986):

The transaction and common question requirements prescribed by Rule 20(a) are not rigid tests. They are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial

economy. This approach seems sound inasmuch as no difficulty is likely to result from the joinder of even *marginally related* parties at the pleading stage. The court always has discretion under Rule 20(b) *to sever* those parties whose claims may be tried more conveniently in separate actions or whose continued presence might be prejudicial to other litigants. [Emphasis ours.]

This approach ignores the requirement that the right to relief must arise out of the same transaction, occurrence, or series of transactions or occurrences. Furthermore, the parties are not marginally related at the pleading stage. A subsequent severing of the claims would not cure the lack of venue in Maricopa County.

The case of *United States v. Mississippi*, 380 U.S. 128, 85 S.Ct. 808, 13 L.Ed.2d 717 (1965), is relied on by Samaritan for its assertion that its 294–count lawsuit involves the same transaction or series of transactions. We disagree. In that case, the Supreme Court upheld the joinder of different voting registrars based upon the allegation of a common practice or scheme in Mississippi to deny blacks the right to vote. In this case, there is no allegation of a common practice or scheme on the part of any of the defendants to avoid paying hospital claims for indigent emergency medical services.

Samaritan points out that the purpose of Rule 20(a) is to encourage liberal joinder of parties to avoid a multiplicity of actions. In the case of *Arizona Title Ins. & Trust Co. v. Kelly*, 11 Ariz.App. 254, 463 P.2d 838 (1970), the court stated:

The Rules of Civil Procedure, both before and after the extensive amendments effective 31 October 1966, encourage the joinder of all *appropriate* parties in a single suit to avoid multiplicity of litigation.

*Id.* at 255, 463 P.2d at 839 (emphasis added). Upholding a joinder in this case would emasculate the rule. A liberal interpretation does not require such a result.

The order of the trial court denying Apache County's motion for change of venue is reversed. This case is remanded to the trial court with directions to grant Apache County's motion for change of venue, sever the claims against Apache County from this action, and transfer that portion of the case to Apache County.

BROOKS and VOSS, JJ., concur.