Rhonda L. MILLET, Petitioner,

v.

The DISTRICT COURT In and For the COUNTY OF EL PASO; and the Honorable Steven T. Pelican, one of the Judges thereof, Respondents.

No. 97SA383.

Supreme Court of Colorado,
En Banc.

Jan. 20, 1998.

Rehearing Denied Feb. 23, 1998.

Paul S. Edwards & Associates, Fotios M. Burtzos, Colorado Springs, for Petitioner.

Peter A. Goldstein, P.C., Peter A. Goldstein, Colorado Springs, for Respondent.

Chief Justice VOLLACK delivered the Opinion of the Court.

Rhonda L. Millet (Millet) petitions this court pursuant to C.A.R. 21 for emergency relief in the nature of prohibition to prevent the El Paso County District Court (the district court) from retaining jurisdiction over the damages portion of a lawsuit filed by Hattie Myers (Myers) against Millet and two other defendants.[1] Millet urges this court to order the district court to change the venue of Myers' complaint against Millet "for all purposes and regarding all issues." We issued a rule to show cause and now make that rule absolute.

I.

In May of 1997, Myers filed a complaint in the district court against Millet, Noah S. Bellringer, and Michael Loreth, in which she sought damages for injuries allegedly caused by three separate automobile accidents involving each of the defendants.[2] At the time the complaint was filed, Myers was a resident of Ohio and Millet was a resident of Jefferson County, where she was served notice. Although the accidents involving Bellringer and Loreth occurred in El Paso County, the accident involving Millet took place in Douglas County.

1. C.A.R. 21(a) establishes the basis for our original jurisdiction in this case and provides in pertinent part as follows:

Relief in the nature of prohibition may be sought in the Supreme Court where the district court is proceeding without or in excess of its jurisdiction or where the district court has granted or denied change of venue in actions in rem or in actions where the statute prescribes the forum.

2. Myers' complaint alleges that she was injured following accidents with Millet on May 19, 1994; Bellringer on May 29, 1994; and Loreth on June 1, 1994.

On July 2, 1997, Millet filed a motion for severance and change of venue, requesting that the district court sever Myers' claim against Millet and change venue to Douglas County, where two other complaints arising out of the Douglas County accident were pending against her. Following oral arguments, the district court concluded in a written order that "C.R.C.P. 98(c) does not permit venue of the Millet accident in El Paso County." However, the district court also determined that Myers was entitled to present all of her damage claims to one jury. For this reason, the district court ordered a change of venue to Douglas County for a determination of Millet's liability while retaining jurisdiction over the issue of damages.

## II.

▆▆▆ Venue requirements impose territorial limitations on the forum in which an action may be commenced. *See Denver Air Ctr. v. District Court,* 839 P.2d 1182, 1184 (Colo.1992). In tort actions, venue is proper: (1) in the county in which the defendants, or any of them, reside at the commencement of the action; (2) in the county where the plaintiff resides when service is made on the defendants in that county; or (3) in the county where the tort was committed. *See* C.R.C.P. 98(c). Upon a proper showing that an action has been brought in a county other than that in which it should be tried, the trial court has no alternative but to grant a change of venue. *See Board of County Comm'rs of Eagle County v. District Court,* 632 P.2d 1017, 1020 (Colo.1981). If a change of venue is required by law because the suit was originally brought in an improper county, the trial court has no jurisdiction over the case except to grant the change of venue. *See Denver Air Ctr.,* 839 P.2d at 1184; *Tillery v. District Court,* 692 P.2d 1079, 1083 (Colo.1984); *Ranger Ins. Co. v. District Court,* 647 P.2d 1229, 1231 (Colo.1982); *Board of County Comm'rs of Eagle County,* 632 P.2d at 1022.

In this case, Myers filed a negligence action in the district court against three defendants for injuries allegedly sustained in three separate automobile accidents. One of these accidents involved Millet. Because Myers is a resident of Ohio, Millet is a resident of Jefferson County, and the accident in question occurred in Douglas County, the district court determined that C.R.C.P. 98(c) prohibited venue over Millet in El Paso County. Nevertheless, the district court determined that the question of Myers' damages was likely to involve the contributing role each accident had on Myers' overall injury. For this reason, the district court ordered a change of venue to Douglas County for a determination of Millet's liability while it retained jurisdiction over the issue of damages. This conclusion was erroneous. Once the district court determined that a change of venue was warranted pursuant to C.R.C.P. 98(c), it had no jurisdiction over Myers' cause of action against Millet except to order the change of venue.

## III.

The district court erred in ordering a change of venue for liability purposes while attempting to retain jurisdiction over the damages portion of Myers' cause of action against Millet. The district court had no jurisdiction other than to grant the change of venue to the district court in Douglas County on all issues raised in Myers' complaint against Millet. Accordingly, we make the rule to show cause absolute.