**Lisa M. SPENCER, Plaintiff,**

v.

**Douglas W. SYTSMA and Ralph Kuiper, Defendants.**

No. 02SA342.

Supreme Court of Colorado, En Banc.

April 7, 2003.

Rehearing Denied April 28, 2003.*

Fogel, Keating, Wagner, Polidori, Shatner, Struthers & Heron P.C., Alan C. Shafner,

* Chief Justice MULLARKEY, Justice KOURLIS, and Justice BENDER would grant the petition.

**2**

Kristin D. Sanko, Denver, Colorado, Attorneys for Plaintiff.

George D. Browning & Associates, Matthew J. Hogsett, Westminster, Colorado, Attorneys for Defendant Ralph Kuiper.

No Appearance on or Behalf of Defendant Douglas Sytsma.

Justice MARTINEZ delivered the Opinion of the Court.

We issued a rule to show cause to determine whether claims against two defendants, involved in two separate accidents, can be joined when venue would be improper for one without joinder. We hold that where defendants did not act in concert, venue requirements must be satisfied for each.

## I. Facts and Procedure

Lisa Spencer brought this suit to recover damages for injuries that she allegedly suffered as a result of two separate car accidents, each of which occurred in Colorado Springs. In the first accident, Douglas Sytsma, a resident of Denver County, made a U-turn in front of Respondent's car allegedly causing her to collide with him. In the second accident, Ralph Kuiper, a resident of El Paso County, allegedly rear-ended Spencer's car, pushing it into the rear of another vehicle stopped for traffic.

Spencer claimed she suffered virtually identical injuries in the two accidents, including severe headaches and a disc protrusion which resulted in spinal surgery. Spencer filed a complaint against both defendants in Denver County, alleging that each defendant was negligent in the operation of his vehicle, that such negligence caused her injuries, and that as a result of both accidents she suffered mental and emotional pain and suffering, permanent injuries, permanent disabilities, a loss of wages, a loss of earning capacity, and a loss of enjoyment of life.

In response to Spencer's complaint, Kuiper filed a Motion for Change of Venue and Severance of Claims. Kuiper argued that because he is a resident of El Paso County, and the accident occurred there, venue is only proper for him in El Paso County. Further, Kuiper alleged that the claims should

be severed as they arose from two entirely separate accidents. Sytsma joined in Kuiper's request for a motion for change of venue, but objected to severance of the claims.

The trial court denied the Motion for Change of Venue and Severance of Claims. The trial court reasoned that because the right to relief asserted against both defendants arises out of the same injury, permissive joinder was proper. Furthermore, the court stated that the claims should not be severed because one finder of fact could better apportion damages than two sitting separately.

Kuiper petitioned this court and we issued a rule to show cause why the trial court should not grant a change of venue. We now make that rule absolute.

## II. Analysis

This case presents us with the question of whether we should give primacy to rules of venue or rules of joinder, when deciding where a plaintiff may bring a claim. If we consider venue first, joinder may not be appropriate in cases where it would be otherwise. On the other hand, if we determine joinder first, then venue requirements may not be satisfied for all defendants, even unrelated ones. Thus, our rules seem dissonant in a case such as this one, where plaintiff seeks to file claims against two defendants in a county where venue is not appropriate for each defendant. "The Rules of Civil Procedure should be liberally construed, and, when required, the supreme court has a duty to harmonize the Rules of Civil Procedure which appear dissonant under certain circumstances." *Denver Air Center v. Dist. Court,* 839 P.2d 1182, 1185 (Colo.1992). As there is no clear answer to this question, we must turn to the reasoning underlying these rules to determine how best to harmonize them to achieve a fair and just result.

In the following analysis, we examine the plain language of, and the rationale behind, both the rules of venue and joinder. We then apply these rules to the facts at issue to determine that while Spencer may properly

join the defendants, she must also satisfy venue requirements for each.

### A. Rules on Venue and Joinder

■ "The purpose of venue requirements is to impose a territorial limitation on the forum in which an action may be commenced." *Denver Air Center,* 839 P.2d at 1184. Venue requirements are imposed for the convenience of the parties, and are a procedural, not a substantive issue. 77 Am. Jur.2d *Venue* § 1 (2002). Colorado Rule of Civil Procedure 98, Place of Trial, outlines where venue is proper for various actions. For tort actions, Rule 98 states that "an action shall be tried in the county in which the defendants, or any of them, may reside at the commencement of the action," or it "may also be tried in the county where the tort was committed." C.R.C.P. 98(c)(1) and (5). Thus, were we looking only at venue, Rule 98 would mandate that trial be held against Kuiper in El Paso County because he lives in El Paso County and that is where the accident occurred. For Sytsma, however, venue would be proper in either Denver or El Paso Counties because Sytsma resides in Denver County and the accident with Spencer occurred in El Paso County. However, venue may also be in the county where "any" of the defendants reside. Thus, whether venue is proper for Kuiper in Denver County depends on whether we look at venue before or after we determine whether parties may be joined.

■ Our permissive joinder rule allows for a plaintiff to join defendants in an action, "if there is asserted against [the defendants] jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." C.R.C.P. 20(a). Joinder is encouraged for purposes of judicial economy; "[p]roper apportionment can be more justly accomplished by one jury than by two juries sitting separately, each faced with the argument that the greater portion of the injury was caused by the defendants other than the ones in the case at trial." *Sutterfield v. Dist. Court,* 165 Colo. 225, 230, 438 P.2d 236, 240 (1968). Thus, the courts are to give the permissive joinder rule its broadest possible reading. *Id.* Permissive joinder, however, is still discretionary with the trial court. *Draper v. School Dist. No. 1,* 175 Colo. 216, 218, 486 P.2d 1048, 1049 (1971).

■ Spencer filed her complaint against both defendants in Denver county, arguing that the right to relief against both defendants arose out the same occurrence-her single permanent injury. An injury caused by more than one event is a "single occurrence" for purposes of joinder under C.R.C.P. 20(a). *Sutterfield,* 438 P.2d at 239. Absent other considerations, the trial court's denial of Kuiper's motion to sever would be appropriate in this case: it would allow for a more expedient and efficient resolution of the case, as a single jury will be able to more effectively apportion damages between the two defendants than two juries sitting separately. This outcome would benefit both the plaintiff and the defendants because the damages will be considered together, avoiding the possible results of double recovery, or conversely, no recovery at all. However, whether the defendants may be joined also depends on whether venue must be proper for each defendant.

While joinder will increase the efficiency of the resolution of causes of action, our rules also provide for venue to be placed in a location that is convenient for the defendant. This consideration holds no less weight merely because a defendant is joined with another who lives in a different county. Thus, we must weigh these rules in deciding whether the court must honor the venue requirements for each defendant.

### B. Reconciling Venue and Joinder

#### 1. Other States

Some states have held that venue requirements must be addressed before joinder. The Missouri Supreme Court addressed this issue in a case with facts almost identical to those involved here. *State ex rel. Jinkerson v. Koehr,* 826 S.W.2d 346 (Mo.1992). The plaintiffs in that case were also involved in two separate car accidents. *Id.* at 346. The first accident occurred in St. Louis County

with defendant Jinkerson. Both plaintiffs and Jinkerson were residents of St. Louis County. *Id.* The second accident occurred in the City of St. Louis with defendant Matthews, a resident of St. Louis County. *Id.* Plaintiffs brought suit against Matthews in the Circuit Court of the City of St. Louis and then joined Jinkerson in that action. *Id.* Jinkerson objected to the joinder and filed a motion to dismiss for lack of proper venue, among other things. *Id.* at 347.

The Missouri Supreme Court first decided that joint liability was not appropriate. *Id.* at 348. Additionally, the court held that Jinkerson was not liable under the theory that a person who negligently causes an accident is liable for all foreseeable damages caused by that accident. *Id.* As there was no joint liability, the court held that the plaintiffs should not be allowed to join the two actions. *Id.* Furthermore, the court stated, "[s]imply joining the two separate causes of action in a single petition does not create venue over both actions." *Id.*

In deciding *Jinkerson*, the court relied in large part upon *State ex rel. Turnbough v. Gaertner,* 589 S.W.2d 290 (Mo.1979). In that case, the court rejected the contention that "by joining two or more separate causes of action in a single petition ..., venue as to all is created in any county wherein any one of the several defendants resides even though there would not have been venue as to one (or more) of the counts if filed separately in that county." *Id.* at 291–92. The court explained that decision by citing to its Rule Civ. Proc. 52.05(a), which states that the Rules of Civil Procedure "shall not be construed to extend or limit the jurisdiction of the Courts of Missouri or the venue of civil actions therein." *Id.* at 292. Having so decided, the court did not even reach the question of whether joinder was permissible. *Id.*

The Georgia court of appeals reached a similar conclusion in *Thomas v. Bobby Stevens Hauling Contractors, Inc.,* 165 Ga.App. 710, 302 S.E.2d 585, 587 (1983). There, the court distinguished between cases where the joined claims are independent of one another, and cases where the claims are connected to the main action, to determine whether venue requirements must be met. *Id.* at 587. "If the claim asserted against co-defendants or third parties is essentially independent rather than one ancillary to the main action, it must satisfy within itself the Constitutional venue requirements." *Id.* The court stated that a suit in tort against a common carrier was not ancillary to a suit in contract against the carrier's insurance company. *Id.* Thus, the court refused to allow joinder of the common carrier and the insurance company where venue was not satisfied for both. *Id.*

To the contrary, other states have held that issues of proper venue are contingent on whether there is proper joinder. *Apache County v. Superior Court,* 163 Ariz. 54, 785 P.2d 1242, 1243 (App.1989); *Fred's Finance Co. v. Fred's of Dyersburg, Inc.,* 741 S.W.2d 903, 908 (Tenn.Ct.App.1987). These courts have focused on joinder, reasoning that if joinder is proper, then venue is proper for joined defendants regardless of whether it would have been if they had not been joined. "Therefore, if the joinder is proper, venue is proper.... Conversely, if joinder is improper, the motion for change of venue should have been granted." *Apache County,* 785 P.2d at 1243. Thus, venue is considered for each defendant only if joinder is not acceptable.

## 2. Federal Law

In general, the federal courts have held that venue requirements must be satisfied for each separate cause of action. Fed. R.Civ.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts *or the venue of actions therein.*" (emphasis added)); *Beattie v. United States,* 756 F.2d 91, 100 (D.C.Cir.1984), *overruled on other grounds by Smith v. United States,* 507 U.S. 197, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993); *see also Lamar v. American Basketball Ass'n,* 468 F.Supp. 1198, 1205 (S.D.N.Y.1979).

However, recognizing the importance of judicial economy, fairness to the parties, and the avoidance of piecemeal litigation, the federal courts have crafted a distinction between multiple claims constituting one cause of action, and those that are factually distinct enough to support a separate cause of action. *See generally* 17 James Wm. Moore et al.,

Moore's Federal Practice § 110.05 (3d ed.2002). This distinction allows for factually interrelated claims to be considered as a single cause of action with multiple grounds for relief; as long as venue is proper for one ground, venue is satisfied for the entire claim. *Beattie,* 756 F.2d at 100; *Nine Point Mesa of Nashville, Inc. v. Nine Point Mesa of Lexington, Inc.,* 769 F.Supp. 259, 263 (M.D.Tenn.1991) (where separate claims merely allow for separate grounds for relief, but constitute same cause of action, proper venue as to one will satisfy venue requirement for entire action); *General Foods Corp. v. Carnation Co.,* 411 F.2d 528, 532 (7th Cir.1969) (where multiple claims all involved the same patent, they could be considered as one action and, as such, proper venue for one claim satisfied venue requirements as to all other claims).

Other federal courts have reached the same result using a theory of "pendant venue," analogous to the pendant jurisdiction doctrine. *See, e.g., Solow Bldg. Co. v. ATC Assocs. Inc.,* 175 F.Supp.2d 465, 469–70 (S.D.N.Y.2001); *Travis v. Anthes Imperial Ltd.,* 473 F.2d 515, 528–29 (8th Cir.1973). Under this theory, factually related state or federal claims can be brought under the venue of the main claim in the action. Thus, venue must only be satisfied for the original cause of action.

The federal courts' adoption of these approaches, which prioritize joinder over venue in cases where the claims are tied together in the same action, illustrates the importance of joinder for factually interrelated claims. This concession is particularly telling in the federal context where the potential inconvenience of joinder to the parties may be much greater than for state claims. On the other hand, their approach recognizes that when claims are not closely tied, venue must be satisfied for all claims. *See Sadighi v. Daghighfekr,* 36 F.Supp.2d 267, 277 (D.S.C. 1999).

### 3. Colorado

Having considered the reasoning of other courts, we turn to our own analysis. We have not squarely addressed the interplay between venue and joinder. Nonetheless, the parties both argue that one of our cases resolves the issue, although of course they point to different cases with different outcomes.

Spencer claims that *Sutterfield v. District Court* definitively states that claims such as hers can be joined. In that case, the plaintiff Sutterfield sued four defendants for similar injuries sustained in two separate car accidents. *Sutterfield v. Dist. Court,* 165 Colo. 225, 227, 438 P.2d 236, 238 (1968). The two defendants in the second accident filed a motion for change of venue and a motion to sever. *Id.* The court granted the motion to sever, but did not act on the motion for change of venue. *Id.* at 238. Consequently, we analyzed the case by asking whether joinder was proper in that case. *Id.* at 239. We decided that a single injury can be the common "occurrence" for purposes of joinder under Rule 20. *Id.* Thus, we held that joinder was proper. *Id.* at 240. While we recognized that such joinder is discretionary with the trial court, we noted that the court had made no findings that would have supported a decision allowing severance. *Id.* Thus, while we allowed joinder in that case, we never addressed whether venue requirements had to be met as well.

Kuiper, on the other hand, argues that *Millet v. District Court* should control our decision. *Millet v. Dist. Court,* 951 P.2d 476 (Colo.1998). In that case, plaintiff filed a complaint against three defendants, including Millet, alleging injuries and seeking damages arising out of three different car accidents. *Id.* Millet filed a motion for severance and change of venue. *Id.* at 477. The trial court concluded that Rule 98 did not allow venue over Millet in that action, but that the plaintiff was entitled to present all of her damage claims to one fact-finder. *Id.* Thus, the court ordered a change of venue to determine liability, but retained venue for determination of the damages. *Id.* We held, summarily, that "[i]f a change of venue is required by law because the suit was originally brought in an improper county, the trial court has no jurisdiction over the case except to grant the change of venue." *Id.* However, we never discussed whether the district court was cor-

rect in deciding that venue was not appropriate.

In sum, neither of these cases arrives at the issue in this case: must venue be satisfied as to each defendant when plaintiff files claims against multiple defendants? *Sutterfield* addresses joinder independently of venue, and *Millet* decides only that a court's jurisdiction is limited to granting a change of venue when venue is improper. Thus, we must look beyond these cases to resolve the issue presented in this case.

More generally, some of our cases show that we have leaned toward a broad interpretation of joinder. We have generally focused on the language of Rule 98, which allows suit to be brought in a county where any of the defendants reside. *City of Cripple Creek v. Johns,* 177 Colo. 443, 494 P.2d 823 (1972). In *Cripple Creek,* the plaintiff brought suit in Denver County because some of the defendants were residents of that county. *Id.* at 825. The defendants sought a change of venue arguing that the claim should be brought in Teller County since a majority of the defendants were residents of Teller County. *Id.* We agreed with the district court's denial of the motion for change of venue. *Id.* Our decision, however, was based in part on the fact that two of the defendants had already filed answers and counterclaims in the Denver County court. *Id.* We stated: The defendants "have filed answers and counterclaims in the civil action. This being so, the Motion for Change of Venue was properly denied." *Id.* As venue is a waivable privilege, by filing answers and counterclaims in the Denver court, the defendants effectively waived their rights for a change of venue. C.R.C.P. 98(e); *Slinkard v. Jordan,* 131 Colo. 144, 149, 279 P.2d 1054, 1056 (1955). As such, our decision in *Cripple Creek* is not dispositive of the issue before us today.

Furthermore, we have expressed our reluctance to change venue for properly joined claims which arise out of the same set of circumstances. *Twin Lakes Reservoir and Canal Co. v. Bond,* 156 Colo. 433, 399 P.2d 793 (1965). In *Twin Lakes,* the plaintiff made two claims: First, he sought to quiet title to a property, arguing that it was not subject to a deed of trust issued by Twin Lakes; Second, he sought damages against Twin Lakes, the Bank to which Twin Lakes had issued the deed, and the Insurance Company that held the deed of trust, contending that Twin Lakes had breached its agreement to obtain a release of the deed. *Id.* at 794. Twin Lakes argued that its motion to change venue for the second claim was erroneously denied. *Id.* at 795. We held that venue was proper in the county in which the property at issue was located. *Id.* As the second claim "arose *out of the same set of circumstances* which gave rise to the first," venue was proper for both. *Id.* (emphasis added). Thus, we stated: *"Under such conditions,* where the venue of one claim for relief is proper in the county in which it is brought, a court should not, except under extraordinary circumstances, change the venue of another claim properly joined with the first claim." *Id.* (emphasis added).

More recently, however, we have stated that venue requirements cannot be ignored altogether merely because claims are joined. *Denver Air Center v. Dist. Court,* 839 P.2d 1182, 1185 (Colo.1992). In *Denver Air Center,* we held that where the joined defendants include both Colorado residents and residents of another state, venue must at least be satisfied for the resident defendant. *Id.*

In short, our cases illustrate our recognition of the importance of both joinder and venue, and our conflict in resolving the two policies. Consequently, we must harmonize those cases to achieve a fair result.

We agree with the federal courts that generally, it makes more sense to decide questions of joinder first. Joinder of claims increases judicial efficiency and allows for all parties to resolve their disputes in one sitting. However, these considerations do not always outweigh the justifications for proper venue. Where the defendants in an action did not act in concert, or engage in the same tortious act, there is no reason why venue should not have to be satisfied as to both defendants. While Colorado does not have a rule explicitly forbidding an interpretation which would allow a Rule of Civil Procedure to expand venue, the considerations behind the venue requirements should not be ig-

nored as a result. *Compare* C.R.C.P. 82, ("These rules shall not be construed to extend or limit the jurisdiction of any court.") *with* Fed.R.Civ.P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the United States district courts *or the venue* of actions therein." (emphasis added)).

■ Venue requirements are imposed in order to insure that a trial is fair and convenient for the parties. These considerations are of no less importance for each defendant merely because he has been joined with another unrelated defendant. In contrast to a situation where the defendants acted together, an unrelated defendant may have no connection to the county where venue is appropriate for the other defendant. Trial for the unrelated defendant in such a county could be extremely inconvenient and difficult. Thus, we hold that venue requirements must be satisfied for each defendant when the common occurrence joining the acts was not the defendants' actions together, but was instead merely a result of separate incidents. This distinction allows for a consistent reading of our rules of civil procedure and it agrees with basic notions of fairness and common sense.

■ In this case, the defendants' cases are not so closely tied so as to support the notion of venue for one, venue for all. Their actions are connected only by the plaintiff's common injury, allegedly caused by their separate accidents. As such, we refuse to defer to plaintiff's choice of venue to the extent that we eviscerate one of the defendant's venue rights. In sum, as defendants did not act in concert, plaintiff must satisfy venue requirements for each defendant.

### III. Conclusion

In order to harmonize these rules, which conflict in this case, we hold that venue requirements must be satisfied for all defendants where the defendants did not act in concert or engage in the same tortious act. As such, the trial court erred in denying Kuiper's request for a change of venue. We therefore make the rule to show cause absolute.

Justice BENDER, dissenting:

Because no conflict exists between our statutory civil procedure rules of permissive joinder and venue, I respectfully dissent. The plain language of the permissive joinder and venue rules—consistent with their federal law counterparts—grant the trial court broad discretion to use both rules in tandem to choose between different locations to try multiple defendants in one action. Such a flexible interplay between these procedural rules comports with basic notions of efficiency, fairness, and common sense.

By characterizing venue as a "jurisdictional requirement," the majority unnecessarily diminishes the permissive joinder rule and thereby reduces the trial court's capability to act efficiently. Neither the language of the civil procedure rules themselves nor our caselaw interpreting those rules supports the majority's holding that venue is inappropriate because the defendants "did not act in concert or engage in the same tortious act." Maj. op. at 7.

Thus, contrary to the majority, I would hold that both permissive joinder and venue requirements do not conflict and are satisfied for all defendants in this case. Accordingly, I would affirm the trial court's order denying the defendants' motion to change venue and discharge the rule to show cause because the trial court did not abuse its discretion when it denied the defendant's motion for a change in venue.

### I. Colorado's Statutory Permissive Joinder and Venue Requirements

Before turning to a discussion of how the rules work in tandem, I turn to the language and rationale of both rules.

The permissive joinder rule, found in C.R.C.P. 20(a), provides that a court may join multiple defendants in one action if two requirements are met: (1) there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there is any question of law

or fact common to all defendants that will arise in the action. Historically, common law prevented parties from resolving lawsuits in one economical and efficient proceeding. *See* 1B Cathy S. Krendl, *Colorado Methods of Practice* § 30.4 (4th ed.1997). Rule 20(a) departs from this inflexible approach by favoring the efficient joinder of parties so as to economize scarce judicial resources. *Id.; see also* Charles A. Wright, Arthur R. Miller and Mary K. Kane, 7 *Federal Practice and Procedure* §§ 1651–1660 (3d ed.2001)(discussing the federal permissive joinder rule Fed. R.Civ.P. 20(a))[1]. The flexibility of the rule encourages judicial efficiency by permitting courts to hear all reasonably related claims against different defendants in a single proceeding.

The application of Rule 20(a) is straightforward. It vests the trial court with discretion to order permissive joinder of defendants provided the plaintiff asserts claims that satisfy the rule's two-pronged requirement. *Draper v. Sch. Dist. No. 1,* 175 Colo. 216, 218, 486 P.2d 1048, 1049 (1971). For instance, we have held that a plaintiff was permitted to join two defendant motorists who allegedly injured her in two car accidents that occurred nine months apart. *See Sutterfield v. Dist. Court,* 165 Colo. 225, 230–31, 438 P.2d 236, 240 (1968).

In *Sutterfield,* we held that the trial court properly ordered permissive joinder under the rule's two-pronged requirement. First, the "same occurrence" was deemed to be the plaintiff's single back injury that was caused by the two separate car accidents. *Id.* at 230, 438 P.2d at 239. Second, the common question of fact was the injury and the extent to which each defendant might be held liable. *Id.* By so holding, we gave the permissive

joinder rule its broadest possible reading. *Id.* at 231, 438 P.2d at 240.

This broad and liberal construction of permissive joinder is consistent with federal decisions interpreting the federal counterpart to Rule 20(a). Federal courts permit an injured plaintiff to join both the original tortfeasor and a second tortfeasor whose subsequent negligence aggravated plaintiff's original injuries under Fed.R.Civ.P. 20(a). *Poster v. Central Gulf S.S. Corp.,* 25 F.R.D. 18, 20 (E.D.Pa.1960); *see also* Wright, Miller, Kane, *Federal Practice and Procedure* § 1653.

Although Colorado's Rule 20(a), like its federal counterpart, should be construed broadly and liberally, other rules of civil procedure must also be satisfied for the action to proceed. One such rule is C.R.C.P. 98, our venue rule.[2] Like permissive joinder, Rule 98 is a procedural rule that vests the trial court with broad discretion in choosing venue provided that venue lies within each possible county. Venue is a permissive, procedural requirement unlike jurisdiction, which is a mandatory, substantive requirement. 77 Am.Jur.2d Venue § 1 (2002). Although venue and jurisdiction are closely related, they are not synonymous and should not be confused. *Id.;* Krendl, *Colorado Methods of Practice* § 24.13.

Jurisdiction is the power and authority of the court to act. Unquestionably, a district court must have subject-matter jurisdiction over the cause of action. *See* Colo. Const. art. VI, § 9 ("The district courts shall be trial courts of record with general jurisdiction, and shall have original jurisdiction in all civil, probate, and criminal cases ....") In addition to subject-matter jurisdiction, the court must be able to assert personal

---

1. Fed.R.Civ.P. 20(a) provides in relevant part:
   All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

2. Rule 98(c)(1), the pertinent subsection at issue here, provides:
   [A]n action shall be tried *in the county in which the defendants, or any of them, may*

*reside at the commencement of the action,* or in the county where the plaintiff resides when service is made on the defendant in such county; or if the defendant is a nonresident of this state, the same may be tried in any county in which the defendant may be found in this state, or in the county designated in the complaint, and if any defendant is about to depart from the state, such action may be tried in any county where plaintiff resides, or where defendant may be found and service had.

C.R.C.P. 98(c)(1)(emphasis added).

jurisdiction over the defendants. Personal jurisdiction mandates that there is a proper relationship between the defendant and the forum. *See* U.S. Const. Amend. XIV; *Internat'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945); *Hancock v. Boulder County Pub. Trustee*, 920 P.2d 854, 858 (Colo.App.1995).

Venue, on the other hand, is the territorial place where the power to adjudicate is to be exercised, that is, the place where the suit may or should be heard. *Denver Air Ctr. v. Dist. Court*, 839 P.2d 1182, 1184 (Colo.1992). The requirements of jurisdiction are grounded in the state's inherent judicial power, while the requirements of venue are grounded in convenience to litigants. 77 Am.Jur.2d Venue § 1.

Indeed, as we have consistently held in the past, the right to have the place of trial changed because the action is brought in an improper county is not jurisdictional. *Kirby v. Union Pac. Ry. Co.*, 51 Colo. 509, 541, 119 P. 1042, 1054 (1911); *see also Slinkard v. Jordan*, 131 Colo. 144, 149, 279 P.2d 1054, 1056 (1955). Venue is a mere personal privilege and generally can be waived. *Id.; see also Fletcher v. Stowell*, 17 Colo. 94, 96, 28 P. 326, 327 (1891).

Thus, bringing an action in an improper county is not a fatal defect in the case. In such a situation, the particular court lacks power to proceed further with the case other than to order the removal of the case to the proper county. C.R.C.P. 98(f)(1); *Cliff v. Gleason*, 142 Colo. 500, 504, 351 P.2d 394, 397 (1960); *Lamar Alfalfa Milling Co. v. Bishop*, 80 Colo. 369, 374, 250 P. 689, 691 (1926); Krendl, *Colorado Methods of Practice* § 24.22. We have sometimes articulated a court's lack of power to hear the case when venue is improper as divesting the trial court of "jurisdiction." *See, e.g., Millet v. Dist. Court*, 951 P.2d 476, 477 (Colo.1998). However, such language refers to the lack of power to hear the case in a specific county based on venue requirements and should not be confused with the court's subject-matter or personal jurisdiction.

The requirements of venue, like permissive joinder, are not overly restrictive. Rule 98 grants trial courts discretion to try defendants in a number of different counties depending on the nature of the action, where the underlying transaction occurred, the residence of the parties, and the place where a party is served. C.R.C.P. 98(a),(b),(c).

For tort actions with multiple defendants, venue is proper where the defendants, *or any of them*, may reside, C.R.C.P. 98(c)(1) (emphasis added), or where the tort was committed. C.R.C.P. 98(c)(5). Thus, when a court tries one defendant in a county where neither that defendant resides nor where the tort occurred, so long as there is a co-defendant that resides in that county, our venue rules are satisfied.[3] Rule 98 does not make venue mandatory, as a matter of law, in a particular county. On the contrary, the rule is permissive and it is within the broad discretion of the trial court to choose among proper options. *City of Cripple Creek v. Johns*, 177 Colo. 443, 448, 494 P.2d 823, 826 (1972). Rule 98 requires a change of venue, as a matter of law, only when the county where suit is brought is improper. *Millet*, 951 P.2d at 477.

Consistent with our joinder rule and its federal counterpart, the federal system also has a venue rule that permits different locations for venue in multiparty cases. *See* 28 U.S.C. § 1391. For example, although venue is generally proper in the district where a defendant resides, in an action against multiple defendants, venue is proper in the district of *any defendant*, if all defendants are residents of the same state. 28 U.S.C. §§ 1391(a)(1), 1391(b)(1); Wright, Miller, Kane, *Federal Practice and Procedure* § 1659.

In sum, Colorado rules of permissive joinder and venue, as do their federal counterparts, allow trial courts wide latitude in joining defendants and trying them in numerous,

---

3. When there are joined defendants that include a Colorado resident and residents of another state, the plaintiff must designate a county in the complaint that is related to either the Colorado defendant's county of residence, the plaintiff's county of residence when the defendant is served there, or the county in which the tort occurred. *See Denver Air Ctr.*, 839 P.2d at 1185. Here, however, all of the parties are Colorado residents.

proper locations. As a result, the rules promote efficiency by permitting courts to hear all reasonably related claims against different defendants in a single proceeding.

## II. The Interplay between Permissive Joinder and Venue

Having described the language and rationale behind our permissive joinder and venue rules, I turn to discuss how both requirements can co-exist.

As pointed out by the majority, this court has not squarely addressed the interplay between Rules 20(a) and 98(c). Indeed, neither *Sutterfield* nor *Millet* completely answers this question. In *Sutterfield,* we held that the trial court did not err in permissively joining two defendants who caused the plaintiff one back injury resulting from two separate car accidents. 165 Colo. at 230, 438 P.2d at 239–40. The issue of whether venue requirements were also satisfied was not before the court.

In *Millet,* involving three car accidents, we held that venue was not satisfied because the trial court retained the case in El Paso County for determining the question of damages, even though one of the defendants was a resident of Jefferson County and his accident occurred in Douglas County. 951 P.2d 477. Because venue was improper for the Jefferson County defendant, we concluded that for him, a change of venue was required as a matter of law. We did not reach the issue of permissive joinder. *Id.*

However, based on the factual allegations in *Millet,* it is unclear whether the permissive joinder requirements would have been satisfied. Although the trial court retained the damages portion of the action, the plaintiff did not claim on appeal that she suffered virtually identical, or even similar, injuries in all three accidents so as to satisfy the "same occurrence" prong of Rule 20(a). Hence, we did not reach the issue of whether venue for the Jefferson County defendant would have been satisfied if he were properly joined with a defendant residing in El Paso County. Thus, given the limited nature of these two cases, I look beyond *Sutterfield* and *Millet* to answer the question before us.

As opposed to the majority's rationale, I suggest there exists no need to look to other jurisdictions since our cases provide guidance to resolve this issue. In *Twin Lakes Reservoir and Canal Co. v. Bond,* 156 Colo. 433, 399 P.2d 793 (1965), and *City of Cripple Creek v. Johns,* 177 Colo. 443, 494 P.2d 823 (1972), we laid the groundwork for holding, as I urge, that our permissive joinder and venue requirements do not conflict and there exists no need to elevate the requirements of venue over those of permissive joinder.

*Twin Lakes* involved a plaintiff landowner who filed suit against three defendants in a quiet title action and a breach of contract claim. The landowner sought to remove an alleged cloud upon the title to a track of land that the landowner alleged arose by reason of a trust deed issued by defendant Twin Lakes. 156 Colo. at 435, 399 P.2d at 794. Twin Lakes made the deed of trust to a defendant bank as trustee as security for bonds that Twin Lakes had issued. The third defendant, an insurance company, held the deed of trust. The landowner brought two claims against all three defendants. First, he brought a quiet title action alleging that the property was not subject to the deed of trust. Second, the landowner brought a contract claim and sought damages, alleging that defendant Twin Lakes breached its agreement to procure a release of the trust deed so far as it affected his property. *Id.* at 435–36, 399 P.2d at 794.

In response to the defendants' appeal claiming that the trial court erred by joining the defendants in a single proceeding and denying defendant Twin Lakes motion for a change of venue on the contract claim, we held that both venue and permissive joinder were satisfied. *Id.* at 437, 399 P.2d at 795. Notably, we addressed venue first.

We held that venue requirements, pursuant to Rule 98(a) for property claims, were satisfied because the trial was held in the county where the property was located. We explained that "[u]nder such conditions where the venue of one claim for relief is properly laid in the county in which it is brought, a court should not, except under extraordinary circumstances, change venue

of another claim properly joined with the first claim." *Id.*

For permissive joinder of the defendants, we reasoned that the two-pronged requirements of Rule 20(a) were satisfied. Both claims involved the same series of transactions: the breach of the contract gave rise to both the cloud on the landowner's title and his resulting claim of damages. In addition, the two claims involved common questions of law and fact because it was necessary for both claims to determine whether the deed of trust was a valid encumbrance on the landowner's title or a mere cloud. *Id.*

Similar to our analysis in *Twin Lakes*, we held that venue was proper for all joined defendants in *City of Cripple Creek*. There, a concrete company filed suit against the City of Cripple Creek and other defendants for failure to make payments required by contract. The defendants sought a writ of prohibition compelling a change of venue, arguing that venue should be in Teller County because the majority of the defendants resided there, or in the alternative, because the contract was to be performed there. 177 Colo. at 446–47, 494 P.2d at 825. Reiterating the permissive nature of the venue requirements, we disagreed.

Pursuant to the plain language of Rule 98(c) that permits a trial court broad discretion in satisfying venue requirements in the county where *any* of the defendants reside, we held that venue was proper in Denver because some of the joined defendants resided there. *Id.* Although venue would have been satisfied in Teller County, Rule 98 did not require the trial court to change the forum as a matter of law since venue was properly satisfied in Denver. *Id.* We supported our conclusion by noting that venue was also proper in Denver because three of the defendants filed answers and counter-

claims in Denver—thus implying that the joined defendants waived venue requirements pursuant to Rule 98(e). However, even with the additional rationale of waiver, we clearly held that the language of Rule 98(c), not Rule 98(e), was "dispositive of the [venue] issue" since some of the joined defendants were residents of Denver. *Id.*

As demonstrated by our holdings in *Twin Lakes* and *City of Cripple Creek*, there exists no inherent conflict between our rules of joinder and venue. The federal courts have reached the same conclusion based on similar rules. In both systems, doctrines of subject-matter and personal jurisdiction occasionally limit the permissive joinder of defendants. Although the federal venue rule provides additional options not relevant here, the pertinent language is virtually identical to our Rule 98 and permits differing venue locations in multiparty cases. *See* Wright, Miller, Kane, *Federal Practice and Procedure* § 1659. Venue is generally proper in the federal district where a defendant resides. However, for multiple defendants residing in the same state and joined under Fed.R.Civ.P. 20(a), venue is proper in the federal district of *any* defendant.[4] § 28 U.S.C. §§ 1391(a)(1), 1391(b)(1).

## III. The Trial Court Did Not Abuse its Discretion by Denying the Motion to Sever and Change Venue

Consistent with the statutory requirements found in Rules 20(a) and 98(c), our case law interpreting the rules, and federal law, the permissive joinder and venue requirements are satisfied for defendants Sytsma and Kuiper. The trial court did not abuse its discretion when it denied the motion to sever and change venue. By denying the defendant's motion, the trial court acted consistently with

---

4. One commentator aptly explained the liberal interplay between federal joinder and venue rules as follows:

Generally, when multiple causes of action are joined, venue must be established for each separate cause of action. This rule would appear to create a problem for much modern multi-claim and multi-party litigation. There is no real problem, however, because since the early twentieth century, the courts have interpreted the meaning of a cause of action broad-

ly … factually interrelated claims have been considered to be one cause of action with two grounds of relief. If venue is proper for one ground, this will support adjudication of the related ground.

17 James Wm. Moore, *Moore's Federal Practice* § 110.05 (3d ed.2002)(internal citations omitted). As the majority notes, another rationale for allowing venue over joined causes of actions in federal court is the theory of "pendant venue." *Id.*

and in furtherance of the permissive and flexible authority vested by the rules. Although there is nothing that prevents an application of the venue rules first, *see Twin Lakes,* 156 Colo. at 437, 399 P.2d at 795, I believe that the rules harmonize better if an application of permissive joinder precedes venue. In other words, before determining where defendants reside for a determination of proper venue, it is useful to determine which defendants are properly joined and thus at issue in the proceeding.

As acknowledged by the majority, the defendants are properly joined pursuant to the two-pronged requirement of Rule 20(a). First, the "same occurrence" is the virtually identical injury from the two car accidents involving Sytsma and Kuiper. *See Sutterfield,* 165 Colo. at 229-30, 438 P.2d at 239; *Twin Lakes,* 156 Colo. at 437, 399 P.2d at 795. Second, the common question of fact is the injury and the extent to which each defendant might be held liable. *Id.*

Having determined that the defendants were properly joined, I turn to venue. Both car accidents occurred in El Paso. Sytsma is a resident of Denver and Kuiper is a resident of El Paso. Spencer filed a negligence claim in Denver against both Sytsma and Kuiper. Under the permissive requirements of Rule 98(c) for tort actions, two counties are proper for purposes of venue: the City and County of Denver and El Paso County.

Under C.R.C.P. 98(c)(5), venue would be proper in El Paso because the defendants allegedly committed the torts there. However, venue would also be proper in either Denver or El Paso under C.R.C.P. 98(c)(1) because one defendant resides in each county. Although venue would have been satisfied in El Paso, Rule 98 does not require the trial court to change the forum as a matter of law since venue was proper in Denver. *City of Cripple Creek,* 177 Colo. at 448, 494 P.2d at 825.

By allowing the trial court to proceed with these factually inter-related claims in one forum, the rationales behind the rules are fulfilled: scarce judicial resources are maximized in a single judicial proceeding.

## IV. Conclusion

For the reasons stated, I would affirm the trial court's order denying the defendants' motion to change venue and discharge the rule to show cause. Hence, I respectfully dissent.

I am authorized to say that Chief Justice MULLARKEY and Justice KOURLIS join in this dissent.